THOMAS D. HUNT ET AL.
vs.                           } JULY TERM, 1849.
JOHN STULL.

[CONSTRUCTION OF THE WORDS "MORE OR LESS" IN A CONTRACT FOR THE SALE OF LAND.]

The words "more or less," or other equivalent words, used in contracts and conveyances, should be construed to qualify the representation of quantity, in such a manner, that if made in good faith, neither party should be entitled to any relief, on account of a deficiency or a surplus.

In a contract for the sale of land for a gross sum, in which, by the introduction of the words "more or less," the representation of quantity is qualified, the number of acres is to be considered as merely descriptive, and not of its essence, and, in the absence of fraud, deficiency or surplus in the quantity of land, will not avail to vacate the contract.

There may be, however, cases in which the deficiency, from its magnitude, would raise a presumption of fraud, imposition or mistake, and in such cases, the words "more or less," would not be permitted to stand in the way of relief.

[The bill in this case was filed for the purpose of enforcing a contract for the sale of lands. A decree for a sale was passed by default on the 30th of May, 1849, and after an advertisement of sale by the trustee, a petition was filed by the defendant, the vendee, to suspend the proceedings of the trustee, vacate the decree, and for leave to file his answer, charging misrepresentation by the vendor as to the number of acres in the tract of land sold him, or that the decree might be allowed to stand as a security for the performance of the contract, after such deductions from the purchase money as the petitioner might be entitled to, on account of deficiency in the quantity of land bought. The matter of the petition was set down for hearing, and having been argued on notes by the respective counsel, the following opinion was delivered.]

THE CHANCELLOR :

On the thirtieth of May last, a decree passed for the sale of a parcel of land, for the payment of the purchase money therefor, due from the defendant to the plaintiffs, upon allegations

and proofs of the embarrassed pecuniary condition of the vendee, showing the vendors to be without adequate remedy at law.

The contract of sale bears date on the 8th of October, 1847. The property sold is described as a tract of land called "Mother's Care," containing one hundred and seventy-three acres, "more or less;" of which possession was to be given on the first day of January, 1848, and for which the purchaser agreed to pay the gross sum of $2300. Of this sum $500 were to be paid on the day possession was to be delivered, and the residue in periodical instalments, of which, one for $600 had become due and remained unpaid when the bill was filed.

After the decree, and after the trustee appointed to make the sale, had advertised the property, to wit, on the 3d of July last, the vendee filed his petition in this court, in which, after offering some excuse for not making his defence at the proper time, he alleges, that while the negotiation for the purchase was going on, and at the time of the contract, the vendors represented that the number of acres specified in the contract was shown to be the true number by an old plat, but that subsequently, and after the first payment had been made and possession delivered, the vendors caused a survey of the land to be made, by which it appeared that it only contained one hundred and forty-five acres, one rood and thirty-four perches.

Upon this statement, the petitioner prayed that the trustee might be prohibited from selling, the decree vacated, and the petitioner allowed to file his answer to the bill, or that if the decree should not be vacated, it should only be allowed to stand as a security for the performance by the petitioner of his contract of purchase, after making such deductions from the purchase money as he might appear to be entitled to.

The court upon this petition, ordered the sale to be suspended, and that the matter thereof stand for hearing, on a day limited, with the usual direction for serving notice on the opposite party, and with the further direction, that the instalment of the purchase money then due should be brought into court.

The party who made the contract of sale, for himself and the other vendors, has answered the petition, and he being the

only party alleged to have any knowledge of the circumstances relied on by the petitioner, and upon which the charge of misrepresentation is founded, the absence of the answers of the other vendors furnishes no sufficient reason for postponing a decision of the question in controversy.

In the answer which has been filed, all misrepresentation, in reference to the quantity of land, or in any other respect, is expressly denied, and the ground taken, that the sale was for a gross sum, and not by the acre, and that the survey of which the petition speaks, was not made to ascertain the number of acres, but for the purpose of ascertaining the lines and courses of the land. The answer, however, admits that in the course of the conversation of the respondent with the agent of the vendee, with whom the contract was made, relative to the land, the agent inquired if he, respondent, knew the quantity of land, that the respondent told him he did not, he had never seen it surveyed, but had heard his brother say the old plat called for one hundred and seventy-three acres. The counsel for the petitioner, in his written argument says, that if he is allowed an opportunity, he will prove that on examination, no such plat as that spoken of has been found, and he insists, that such an answer as was given to the question put by the agent of the vendee, would make it fraudulent to enforce the contract. It appears by the written contract in this case that the land was not sold for a stipulated price per acre, but for a gross sum, and there is no pretence, if the rules of evidence would allow the contrary to be shown, that the written contract does not express the intentions of the contracting parties. And although it may be perfectly true and such is believed to be the law, that, even in the case of a sale for a gross sum, fraud or wilful misrepresentation of the quantity, would afford ground of relief, yet if the representation of the quantity be mere matter of description, and not of the essence of the contract, as where there are qualifying words, as "more or less" or "by estimation," the vendee must be understood as assuming upon himself the risk of the quantity.

The language of Mr. Justice Story in 4 *Mason*, 417, adopted

and approved of by the court of appeals in *Jones* vs. *Plater*, 2 *Gill*, 125, must be regarded as establishing the law here to be "that the words more or less, or other equivalent words, used in contracts and conveyances should be construed, to qualify the representation of quantity in such a manner, that if made, in good faith, neither party should be entitled to any relief, on account of a deficiency or surplus."

In this case there is not only the absence of any fraudulent representation of quantity, which, (the sale being for a gross sum, and the language of the contract showing that the statement of the quantity was but descriptive, and not of its essence,) would be necessary to entitle the vendee to relief, but, in point of fact, no representation of quantity, except the statement in the contract, is shown at all.

The petitioner's counsel, in his argument, does not say, or offer himself prepared to prove, that any actual representation of quantity was made, but that the answer which the vendor admits he gave, when interrogated as to the number of acres, amounts to a representation, and would make it improper to enforce the agreement. Such, however, is very far from being my understanding of the answer. He says he was asked if he knew the quantity of land. He replied that he did not—he had never seen it surveyed, but that he had heard his brother say, that the old plat called for one hundred and seventy-three acres. If there is any misrepresentation here, it is in misstating what he had heard his brother say. He distinctly says, that he did not himself know the number of acres, but that he heard his brother say, that an old plat called for so many. Now it is not pretended that he never did hear his brother make this statement, and no proof has been, and perhaps from the very nature of the statement, could be offered to contradict him. Here, then, is a case in which a gross sum was stipulated to be paid, and in which, looking to the introduction of the words "more or less," the representation in the contract of quantity is qualified, so that the number of acres is to be considered as merely descriptive, and not of its essence, and in which there was not only no fraudulent misrepresentation of quantity outside of the

contract, but no representation at all, and yet it is contended the vendee is entitled to an allowance for a deficiency.

In the case of *Jones* vs. *Plater*, 2 *Gill*, 125, the sale was not for a round sum, but for a specific sum by the acre, and yet the court decided, that by the force of the words "more or less," the parties were to be understood as intending that the land to be paid for, was the number of acres mentioned in the contract, and not that which it should be found to contain upon measurement. And they say, that unless the words in question lead to such a conclusion, "they are useless and insensible."

There may no doubt be cases in which the deficiency, from its magnitude, would raise the presumption of fraud, imposition, or mistake, and in such cases, the words "more or less" would not be permitted to stand in the way of relief. But this certainly is not a case of that description, and, as I think, the case in 4 *Mason*, 417, and *Jones* vs. *Plater* in 2 *Gill*, 125, are authorities settling the law against the petitioner, I shall dismiss his petition, and revoke the order suspending the authority of the trustee under the decree.

This order is passed upon the assumption that the plat spoken of, cannot be found, and, therefore, an order to take proof, would only lead to unnecessary delay and expense.

GEORGE VICKERS, for Complainant.

CORNELIUS McLEAN, for Defendant and Petitioner.

[The order dismissing the petition in this case, was affirmed on appeal.]