THE MOUNT CARBON COAL & RAILROAD CO. *et al.*

*v.*

I. BLANCHARD *et al.*

1. JOINDER OF PARTIES *complainant in chancery.* Where a tax is sought to be levied without authority, several property owners, having a common interest in the subject, and asking relief against the same injury on the same ground, may join in a bill to restrain its collection.

2. Multifariousness. Where several property owners join in a bill in chancery, to restrain the collection of an illegal tax assessed against them severally, asking relief against the same injury on the same ground, that is not joining in one bill such distinct and independent matters as will render the bill multifarious.

3. School tax—*power of school directors without a vote of the people.* Under the forty-fourth section of the school law of 1865, school directors may levy a tax of one per cent upon property in the district, for school purposes, without being specially authorized so to do by a vote of the people; but a tax levied by the directors for the purpose of building a school house, without a vote of the people favorable to such purpose being first had, as required in section forty-eight of that act, is unauthorized and illegal.

Appeal from the Circuit Court of Jackson county; the Hon. Monroe C. Crawford, Judge, presiding.

The opinion states the case.

Mr. Thomas G. Allen, for the appellants.

Mr. William J. Allen, for the appellees.

Mr. Justice Breese delivered the opinion of the Court:

This was a bill in chancery for an injunction, in the Jackson circuit court, by the Mount Carbon Coal & Railroad Co. and Andrew C. Bryden, against the school directors of school district No. 2, in township 9 south, range 2 west, in Jackson county, to which the county clerk, and sheriff, and collector of the county were made defendants, to restrain the collection of a tax assessed against the property of the complainants in that district, on the allegation that the tax was assessed without authority of law.

It appears, by the bill, that on the second of September, 1867, the defendants, acting as school directors of district No. 2, in township 9 south, range 2 west, made this certificate: "We hereby certify that we require the rate of one per cent to be

16—54th Ill.

levied as a special tax, for school purposes, on the taxable property of our district, for the year 1867 ; and also the rate of two and one-half per cent on the taxable property of our district, to pay for building a new school house in our said district, making a total of three and one-half per cent on the taxable property of our district."

These assessments were entered on the collector's books by the clerk, and it is alleged the sheriff is proceeding to collect them.

It is alleged in the bill, that no election was ever held in school district No. 2, to determine the question of locating or purchasing a school house site, building a school house, or as to the levy of taxes for the purpose of building a new school house in that district, and complainants claim that no more than one per cent on the assessed value was warranted or could be assessed as a special tax for school purposes, for the year 1867, on the taxable property in that district.

The bill also alleges that complainants have tendered to the collector of taxes the one per cent assessed for school purposes, which he refused, claiming the whole tax as placed upon the tax books, and threatens to distrain and sell personal property.

Complainants claim that $1785.58 of the tax demanded of the railroad company is illegal and unwarranted, and $9.11, as charged against their co-complainant, Bryden, is also illegal and unwarranted.

The defendants demurred to the bill, assigning as grounds of demurrer, improper parties, multifariousness and want of sufficient matter in the bill to entitle complainants to any relief. The court sustained the demurrer and dismissed the bill.

To reverse this decree, complainants appeal to this court.

The grounds of objection stated to the bill, that improper parties are made plaintiffs, and that the bill is multifarious, we do not deem tenable. Bryden had the same interest in the questions raised by the bill, though to a less extent, as the other complainants had, and by joining with the other complainants,

expense and litigation is avoided.     It is only when the interests of complainants are conflicting, their joinder as parties is objectionable.

This was the view of this court in the case of *Harward* v. *The St. Clair and Monroe Levee and Drainage Co.* 51 Ill. 130, in which it was held, where a tax is sought to be levied without authority, several property owners, having a common interest in the subject, and asking relief against the same injury, on the same ground, may join in a bill to restrain its collection.

As to multifariousness, there is no positive and inflexible rule, Justice STORY says, as to what, in the sense of a court of equity, constitutes multifariousness, which is fatal to a suit on demurrer.     Eq. Pl. sec. 529.     As generally understood, multifariousness in a bill, is improperly joining in one bill distinct and independent matters, and thereby confounding them ; as, for example, uniting in one bill several matters perfectly distinct and unconnected against one defendant, or the demand of several matters of a distinct and independent nature against several defendants in the same bill.     Ib. sec. 271.     There is much in this bill that need not be there, but there is nothing of the quality of multifariousness about it.     A common object, in which all the complainants are interested, is sought, and against parties who are doing the alleged wrong.

Now as to the merits of the case, as they are made to appear by the pleadings.

The one per cent, levied by the directors for school purposes, was entirely proper and in accordance with section forty-four of the school law of 1865, but the additional levy of two and one-half per cent, to pay for building a new school house in the district, was unauthorized and illegal, no vote of the district having been had for such purpose, as required by section forty-eight of the same law.     That section provides, it shall not be lawful for a board of directors to purchase or locate a school house site ; or to purchase, build, or move a school house,   *   *   *   to levy a tax to extend schools beyond six months, without a vote of the people at an election, etc.

It is admitted by the demurrer, that no election has been held to vote the building of a school house, consequently the levy of a tax to pay for it is illegal and void, and this is ground for equitable relief. *Town of Ottawa* v. *Walker*, 21 Ill. 608.

The court erred in sustaining the demurrer, and for the error the decree must be reversed and the cause remanded.

*Decree reversed.*