JOSEPH BAUMGARTNER *et al.*

*v.*

S. E. BRADT *et al.*

*Opinion filed February 17, 1904.*

1. STREAMS—*owner of easement in stream may compel removal of obstruction.* One having a perpetual easement in the maintenance of a ditch and the unobstructed flow of water through it is entitled to a mandatory injunction directing the removal of an obstruction.

2. SAME—*mandatory injunction may be granted to compel restoration of natural channel.* A mandatory injunction may be granted to compel the restoration of water to the natural channel from which it has wrongfully been diverted, whether such channel is a natural water-course or an artificial ditch.

3. PLEADING—*answering over waives right to assign error on overruling of demurrer.* By answering a bill after the overruling of a demurrer thereto the defendant waives the demurrer except so far as he may have the same advantage on final hearing, and he can not assign for error the overruling of the demurrer.

4. SAME—*when bill is not multifarious.* If several property owners seek relief against the same injury on the same grounds, a bill in which they join as complainants is not, for that reason, multifarious.

APPEAL from the Circuit Court of DeKalb county; the Hon. CHARLES A. BISHOP, Judge, presiding.

JONES & ROGERS, for appellants.

A. G. KENNEDY, and CARNES, DUNTON & FAISSLER, for appellees.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is a bill, filed by the appellees against the appellants to enjoin the obstruction of a channel, or stream, alleged to be a natural outlet for water from the premises of appellees, and the highway running along the south side thereof. After answer filed by the defendants below, a decree was entered in accordance with the prayer of the bill. The present appeal is from the decree so entered.

Three of the appellees, who filed the bill are commissioners of highways of the township of DeKalb in the county of DeKalb, and the other appellees are the owners and occupants of the south half of section 8 and of the south-west quarter of section 9 in said township. The defendant below, Joseph Baumgartner, is the owner of the north-west quarter of section 16 in said township, subject to the life estate of another party therein, and wherein the other of the defendants below have some interest. The decree found that there was, and had been for more than twenty years last past, a public highway extending along the south side of the south half of said section 8 and the south-west quarter of said section 9, and along the north side of said north-west quarter of said section 16; that there was a stream of water, which flowed northerly across the said road in the south half of section 8 near the west side thereof, thence easterly through said south half to the east line thereof, thence southerly across the south-west corner of the south-west quarter of section 9, and which again crossed in a southerly direction said highway, and ran across, in a southerly direction, the north-west quarter of said section 16; that the water in said stream flowed in the course above specified, and had done so for a time whereof the memory of man runneth not to the contrary; that the course of the water, as above specified, is a natural water-course, and that the stream of water, running in a southerly direction as above set forth through the north-west quarter of said section 16, had cut a channel about five feet deep through said north-west quarter; that said channel was a natural outlet for the water from said road and from the south half of section 8, and the south-west quarter of section 9; that the defendants below, appellants here, or some person acting for them and under their direction, in September or October, 1901, unlawfully filled up and obstructed said channel upon the north-west quarter of said section 16, and thereby obstructed the flow of the

water in the channel, so as to throw the water back upon the highway, and upon the premises belonging to appellees, thereby overflowing the highway and said premises; that appellants have neglected and refused to remove said obstruction and open said channel; that the obstruction of the channel has caused great and serious injury to said highway, and to the lands of appellees, and the crops growing thereon, and that the appellants have threatened to further fill up and obstruct said channel or stream; that, if appellants are permitted to continue the obstruction of said channel and the flow of said water, it will result in irreparable damage to the highway and to the property of appellees; and that appellees are entitled to the use of the channel upon the north-west quarter of section 16, as an outlet for the water on the highway and on the lands of appellees, free from any and all obstruction by appellants. The decree made the preliminary injunction, issued in the cause, perpetual, and ordered that appellants be enjoined from continuing the obstruction of the channel upon the north-west quarter of section 16, and from permitting the channel to remain filled up or obstructed. The decree furthermore ordered that appellants should proceed forthwith to remove said filling and obstruction, so as to restore the channel to its former depth, and so as to restore to appellees the right to the free flow of the water through the portion of the channel so obstructed.

One, whose right to the maintenance of a ditch, and to the unobstructed flow of water through it, constitutes a perpetual easement, is entitled to a mandatory injunction, directing the removal of an obstruction. (*Hunt* v. *Sain*, 181 Ill. 372.) A mandatory injunction may be granted to compel the restoration of water to its natural channel, which has been wrongfully diverted therefrom; and, in such case, it makes no difference whether the channel dammed up, or from which the water is diverted, is a natural water-course or an artificial ditch. (*Hunt* v.

*Sain, supra;* High on Injunctions, sec. 804; *Earl* v. *DeHart,* 12 N. J. Eq. 280).

*First*—The appellants urge, as the first reason for a reversal of the decree, that the bill is multifarious. It is said that the interests of the appellees, named Cheasbro, owners of the south half of section 8, are separate from the interests of the commissioners of highways, and that the interests of the appellee, named Twombly, the owner of the south-west quarter of section 9, are separate and distinct from the interests of the Cheasbros, and also separate and distinct from that of the commissioners of highways. The appellants, in the court below, filed a general demurrer to the bill, which was overruled; and they claim that the demurrer should have been sustained, upon the ground that the bill was multifarious. But the rule is, that a defendant, by answering a bill in chancery after the overruling of his demurrer thereto, waives the demurrer, except so far as he may have the same advantage on final hearing; and he cannot assign for error the ruling upon the demurrer. (*Gordon* v. *Reynolds,* 114 Ill. 118; *Bauerle* v. *Long,* 165 id. 340; *Stirlen* v. *Jewett,* id. 410; *Gleason & Bailey Manf. Co.* v. *Hoffman,* 168 id. 25). In the present case, after the demurrer, filed by the appellants, was overruled, they answered the bill; and we said in *Gleason & Bailey Manf. Co.* v. *Hoffman, supra:* "By answering, after a general demurrer is overruled, the right to assign error in overruling the demurrer is waived."

But, independently of the question as to the waiver of the right to assign for error the overruling of the demurrer, the rule is well settled in this State that, if several property owners seek relief against the same injury upon the same ground, a bill, in which they join as complainants, will not be regarded as multifarious. A bill is generally understood to be multifarious when distinct and independent matters are improperly joined in one bill and thereby confounded, as, for example, where several perfectly distinct and unconnected matters against

one defendant are united in one bill. It has been held
that, where a tax is sought to be levied without author-
ity, several property owners, having a common interest
in the subject and asking relief against the same injury
on the same ground, may join in a bill to restrain its col-
lection, as a common object, in which all the complain-
ants are interested, is sought, and against parties, who
are doing the alleged wrong. (*Mount Carbon Coal and
Railroad Co.* v. *Blanchard*, 54 Ill. 240; *Hickey* v. *Chicago and
Western Indiana Railroad Co.* 6 Ill. App. 172). "If the act
complained of affects a common right of several persons,
whose interests are, in a legal point of view, substan-
tially the same, proceedings for an injunction may be in-
stituted by one or more of them in behalf of the others."
(High on Injunctions, sec. 1549.) "Upon the question of
the joinder of parties in proceedings to restrain a private
nuisance, it is held that, where the grievance is common
to several different property owners, they may unite in
one action for an injunction." (High on Injunctions, sec.
757). In the case at bar, although some of the appellees
owned one piece of land, and others of the appellees
owned another piece of land, and the highway commis-
sioners are interested in the highway running along the
south side of the land, yet the obstruction of the chan-
nel, carrying off the water from the highway and from
the lands of the appellees, is one and the same injury,
suffered by them all. All the appellees have a common
interest in the matter of removing the obstruction, which
closes the outlet of the water from the lands in question,
and from the highway. In other words, owners here
occupy the same position as owners in severalty of dif-
ferent tracts or premises upon a mill stream, who are
operating mills thereon, and it has been held that, in such
case, the owners may maintain an action to restrain the
improper diversion of water to the injury of their mills.
"In such case, although the titles are different, yet the
injury, being a common one, creates such a community of

interest as to entitle them to join in the action." (High on Injunctions, sec. 880).

*Second*—Appellants claim that the ditch or channel, constructed upon the north-west quarter of section 16 owned by appellants, was an artificial ditch, and that, therefore, appellants might fill it up without being liable to appellees. It appears that the father of appellant, Joseph Baumgartner, dug a ditch upon the north-west quarter of section 16 as far up as the highway. But it is admitted by the appellants in their answer, that there was a natural water-course through the land owned by them, and that the waters from the highway and from the lands owned by appellees, Cheasbros and Twombly, found their outlet through that water-course. If it be true that the father of appellant, Joseph Baumgartner, dug a channel as is claimed, the proof shows that it was done at a time far back in the past, and that appellants had acquiesced in the running of the waters through their lands for such a length of time, that the court was justified in finding that the channel through the land of appellants was a natural water-course, and was the outlet for the water from the highway and from the premises of appellees. In support of their contention upon this branch of the case, appellants refer to the case of *Weidekin* v. *Snelson*, 17 Ill. App. 461, but in that case there was no prescriptive right to the flow of water from the lands of the complainants over the lands of the defendants, nor any right by contract; and for this reason the case referred to is not in point. The appellant, Joseph Baumgartner, in his testimony says that the open ditch was there as long as he can remember, and that he is forty years old. At least four other witnesses swear that they have been acquainted in the neighborhood twenty or thirty years, and that the open water ditch has been in existence as long as they remember.

*Third*—It is claimed, on the part of appellants, that there was an agreement between appellees on the one

side, and the appellants on the other, that a tile ditch should be constructed for the purpose of draining their respective lands. There is some evidence, tending to show that tile was laid across the highway and across a part of the lands in question. But the weight of the evidence is not in favor of the contention of the appellants, that the tile thus laid was to be a substitute for . the open water-course or channel, which had existed for so long a time. At any rate, the evidence is conflicting upon the question, whether the open water-course was to be filled up, and the tile was to be substituted for it. It is not claimed that there was any written agreement on this subject, and whether or not there was any oral agreement, to the effect that the open ditch or water course should be filled up, is a question upon which the witnesses of the appellees and those of the appellants differ. This being so, we are not inclined to disturb the finding of the chancellor. The trial court has an opportunity of seeing the witnesses and of hearing their testimony as it is delivered orally, and, when such is the case, the findings of the trial court upon mere questions of fact, where the testimony is conflicting, will not ordinarily be disturbed on appeal, unless such findings are clearly and manifestly against the preponderance of the evidence. (*Burgett* v. *Osborne*, 172 Ill. 227). Here, we are unable to say that the findings of the lower court are clearly and manifestly against the preponderance of the evidence upon this subject.

After a careful examination of the record, we find no good reason for holding, that the decree, entered by the trial court, is not correct and justified by the testimony.

Accordingly, the decree of the circuit court is affirmed.

*Decree affirmed.*