## North American Insurance Company, et al., v. Henry Yates, as Insurance Superintendent, etc.

### Gen. No. 11,483.

1. INSURANCE SUPERINTENDENT—*power to enforce insurance laws.*
The insurance superintendent succeeded the. auditor of public accounts
and the attorney general in the matter of the enforcement of the in-
surance laws of this state, and he may now " institute and prosecute
in his name all suits and do all things heretofore required to be done,
by the laws of the state, by the auditor of public accounts and the attor-
ney general," so far as the same relate to the insurance laws of the state.

2. EQUITY—*jurisdiction to· enjoin violation of insurance laws.*
Equity has jurisdiction, at the suit of the insurance superintendent, to
enjoin a foreign insurance company from violating the insurance laws
of this state where the violations in question are injurious to the public
at large, and this, notwithstanding such acts may be punishable as
crimes, and further, notwithstanding there may be an adequate remedy
at law, and that the complainant has suffered no special injury.

3. MULTIPLICITY OF SUITS—*when equity will take jurisdiction to pre-
vent.* Where an action is brought by the insurance superintendent
against a great number of defendants, to prevent their several violation
of state laws, and the facts as to each and all are similar and one decree
will include and conclude the entire issue, and there is identity of inter-
est upon the part of each and all of the defendants in the question in-
volved and the relief. sought, equity will take jurisdiction in order to
avoid a multiplicity of suits.

4. TRANSACTION OF BUSINESS—*what constitutes, within meaning of in-
surance laws.* Where it appears that foreign insurance companies have
collected premiums, paid losses, made contracts of insurance, issued
policies of insurance, and have conducted and are conducting and main-
taining fire insurance agencies in this state, it appears that they are
transacting business in this state within the meaning of its insurance
laws.

Injunction proceeding. Appeal from the Circuit Court of Cook
County; the Hon. FRANK BAKER, Judge, presiding. Heard in this
court at the October term, 1903. Affirmed. Opinion filed October 4,
1904.

HOBART P. YOUNG, for appellants; ALDEN, LATHAM &
YOUNG, of counsel.

FRED H. ROWE, for appellee; WILLIAM P. THORNTON and
SAMUEL A. HARPER, of counsel.

Mr. Justice Ball delivered the opinion of the court.

Henry Yates, as Insurance Superintendent of the State of Illinois, filed a bill against twenty foreign fire insurance corporations and thirty-three individuals acting as agents of such corporations, to enjoin them and each of them from transacting, in the State of Illinois, any business of fire insurance without first complying with the laws relating to fire insurance.

It is alleged (among other things) that each of the defendant corporations is engaged in the business of fire insurance and maintains an office for the transaction of such business in the city of Chicago, Illinois; that no one of said corporations has complied with the insurance laws known as the Act of March 11, 1869, and the Acts of July 1, 1879, or with either or any of such acts, and no one of them has been licensed to do business in this state; that each of said corporations, at its office in Chicago, through its said agents, does everything in the way of fire insurance other than to insure property situated in this state; that this manner of doing business is a trick and a device to evade the insurance laws of this and of all other states, and is illegal; that each of said corporations is unlawfully exercising a franchise in this state and is exercising powers not conferred upon it by law; that each of the individual defendants has been and is engaged in carrying on the business of fire insurance through said corporations in the manner described; and that the defendants have conspired and are conspiring to carry on the fire insurance business as herein set forth.

To this bill special demurrers were filed by appellants, which were overruled, and appellants electing to stand by their several demurrers, the court entered an order enjoining them, and each of them, as prayed. From this order the present appeal was perfected.

The chief grounds of demurrer, as stated by counsel for appellants, are, first, that appellee, as insurance superintendent, is not a proper party complainant; second, that a court of equity has no jurisdiction over the subject-matter of the bill; third, that the bill is multifarious; and, fourth,

North American Ins. Co. v. Yates.

that the acts complained of are not in violation of the statutes relating to fire insurance.

The question at issue is this: may a foreign insurance company, which has not complied with the laws of this state relating to fire insurance, lawfully maintain an office in Illinois and here solicit business and pass upon applications for insurance and write policies, etc., upon property not situate within the territorial limits of this state?

The first objection to the bill, as raised by the demurrers, that the insurance superintendent is not a proper party complainant, is answered by the provisions of " An act to provide for the establishment of an insurance department and the appointment of an insurance superintendent," in force July 1, 1893, which act created the " Insurance Department of the State of Illinois" and the office of insurance superintendent. That department is charged with the enforcement of all laws relating to insurance, and the insurance superintendent is given all the powers " in regard to the business of insurance in this state which are now attached by law to the office of the auditor of public accounts and the attorney general;" and such superintendent " may institute and prosecute in his name all suits and do all things heretofore required to be done by the laws of the state by the auditor of public accounts and the attorney-general."

The contention that this act, so far as it relieves the attorney general and the state's attorneys of the several counties from the duty of prosecuting suits for the violation of the insurance laws, is unconstitutional and void, is not properly addressed to us. Had appellants intended to rely upon that argument, they should have taken their appeal to the Supreme Court. But a reading of the act shows that the state's attorneys are not mentioned, and hence they are relieved of none of the duties pertaining to that office. It is true that the constitution creates the office of attorney-general, but it does not define his powers nor set forth his duties. These matters were left to the judgment of the General Assembly; and as it has the power to clothe

that office with certain duties, including authority over the subject of insurance, as it did by the act of 1874, it also has the power to take from that office the control of the subject of insurance and to vest it in the insurance superintendent, as it did by the act of 1893. It follows that appellee can act as complainant in any suit relating to insurance laws, where the attorney general could have been complainant before the act of 1893 went into effect.

The second objection is that equity has no jurisdiction over the subject-matter of this suit. It is urged that the bill is brought to prevent the violation of the provisions of penal statutes, unconnected with injury to civil rights or property interests; that if there has been a violation of the law by the defendants, there is an ample remedy at law; and that appellee has sustained no injury, and neither he nor any other citizen of Illinois can sustain any injury because appellants have insured no property situate in this state.

Section 26 of the Corporation Act declares that foreign corporations and their agents, doing business in this state, shall be subject to all the liabilities imposed by law upon domestic corporations. The Supreme Court in People v. Van Cleave, 187 Ill. 125, and in Coverdale v. Royal Arcanum, 193 Ill. 91, held that this section applies to and includes insurance companies. The statute further declares that a domestic insurance company violating the law may be enjoined. Hurd's R. S. 1903, ch. 73, secs. 11 and 19. The liabilities of and the remedies against the two classes of insurance corporations, domestic and foreign, are the same. H. & St. J. Ry. Co. v. Crane, 102 Ill. 249. It would be strange if the state had discriminated against corporations of its own creation in favor of those organized in other jurisdictions. It has not done so.

The infirmity in the argument of appellants is this: It does not discriminate between an action brought by a private person and one brought by the state through its proper officer. Independent of statute, the state may file a bill to enjoin a violation of its laws where the acts complained of

are injurious to the public.    And it is immaterial that such acts are punishable under the criminal statute, or that there is an adequate remedy at law, or that the complainant has suffered no injury.    People v. City of St. Louis, 5 Gilm. 351; Atty. Gen'l v. Jamaica Pond, 133 Mass. 361; Atty. Gen'l v. Railroads, 35 Wis. 425; High on Injunctions, 3rd ed., par. 764.

In the Gilman case the bill was brought to restrain the placing of obstructions in the channel of the Mississippi river.    The court declared that it had no discretion to refuse to grant the injunction.    "The jurisdiction of the court over the subject-matter of the suit was also undoubted. The court of chancery may grant preventive as well as remedial relief, and this may be done where the act threatened would be punishable under the criminal laws as a nuisance."

In the Wisconsin case the attorney-general sought to restrain certain railroads from exacting tolls in excess of those allowed by law.    It was held that he might proceed either in equity or at law; but that he must elect which remedy he will follow, for he cannot enjoin the acts complained of and at the same time proceed by *quo warranto* to forfeit the charter of the offending corporation for the doing of the same acts.    This opinion is a very instructive one, since the court cites and comments upon all similar cases then obtainable.

This action is brought against more than fifty defendants. As to each and all of them the facts are the same.    One decree will include and conclude the entire issue.    There is identity of interest upon the part of each and all of the defendants in the question involved and in the relief sought. In such case the law is well settled that equity will take jurisdiction to prevent a multiplicity of suits.    Pom. Eq. Jur., 2nd ed., sec. 274; Harward v. St. Clair, 51 Ill. 130; Ry. Co. v. Blanchard, 54 Ill. 240; Hickling v. Wilson, 104 Ill. 54; City v. Collins, 175 Ill. 445; German, etc., v. Van Cleave, 191 Ill. 410; Mayor of York v. Pilkinton, 1 Atkyns' Rep. 282; Ry. v. Schuyler, 17 N. Y. 592; Parish v. Dixon, 3 Ired. Eq. 607.

The third objection, that the bill is multifarious, is met and answered by the authorities last cited. See, also, Story's Eq. Pl., secs. 271, 539, 10th ed.; Gage v. Parker, 103 Ill. 528; Barcus v. Gates, 89 Fed. Rep. 783; Andrews v. Pratt, 44 Col. 309; Brinkerhoff v. Brown, 6 John. Ch. 139; Dunn v. Cooper, 3 Md. Ch. 27.

The fourth objection is that the acts complained of are not violations of the statutes relating to fire insurance. Upon demurrer the well-pleaded allegations of the bill are confessed to be true. In this case it is alleged that the defendants have collected premiums, have paid losses, have made contracts of insurance, have issued policies of fire insurance, and have conducted and are conducting and maintaining fire insurance agencies in this state. A multitude of cases hold that the doing of these acts or of like acts constitutes the transaction of business. Female Academy v. Sullivan, 116 Ill. 375; Penn. Co. v. Bauerle, 143 Ill. 459; Farmers, etc., v. Lake St. El. Ry. Co., 173 Ill. 439; Hacheny v. Leary, 12 Ore. 40; Smyth v. International, 35 How. Pr. Rep. 126; Farrior v. New England, 88 Ala. 275; Beneo v. Yesler, 6 W. Coast Rep. 809; Price v. St. Louis, 3 Mo. App. 262; Marine Ins. Co. v. St. Louis, 41 Fed. Rep. 643.

The following acts are forbidden by statute, unless the doing of them is preceded by a compliance with the requirements of the fire insurance laws of the state: "To take risks or to transact any business of insurance in this state," Act of 1869, and Supplemental Act of 1879; "To take risks or to transact any business whatever authorized by its charter in this state," License Act of 1879; "Nor shall it be lawful for any agent or agents to act for any company or companies referred to in this section," etc., Act of 1869.

It follows that there is here a plain and admitted violation of express law. · The objection is without substance.

We have examined the further contentions of appellants and find that no one of them is well founded.

The decree of the Circuit Court is affirmed.

*Affirmed.*