### Judson Nichols, et al., v. The Village of Sadorus, et al.

1. JOINDER OF COMPLAINANTS—*when proper.* Parties owning different pieces of real estate in severalty may properly join together as complainants to obtain an injunction against a municipality on account of the same injury and for the same ground.

2. SPECIAL INJURY—*when property owner suffers.* A property owner having property abutting upon a public street and whose right of ingress to and egress from such property is obstructed in such street, sustains a special injury different from that suffered by the public at large.

3. INJUNCTION—*when lies against municipality.* An injunction lies against a municipality to enjoin the removal by it of a brick sidewalk where it appears that to permit the performance of such act would be to allow a breach of trust and an abuse of a power sought to be exercised in bad faith to the wanton injury of the rights and property of individuals.

Bill for injunction. Appeal from the Circuit Court of Champaign County; the Hon. W. C. JOHNS, Judge, presiding. Heard in this court at the May term, 1904. Reversed and remanded. Opinion filed April 20, 1905.

MANFORD SAVAGE, for appellants.

CUNNINGHAM & BOGGS, for appellees.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

Appellants, owners in severalty of certain lots in the village of Sadorus, improved and occupied for residence and business purposes, filed their bill in equity to enjoin and restrain appellees, the village of Sadorus and its board of trustees and street commissioner, from taking up and removing a certain brick sidewalk constructed by authority of said village in front of said lots. To the bill as amended, a general and special demurrer was sustained by the court, and appellants electing to abide by their bill a decree was entered dismissing the same for want of equity.

The bill alleges that on and prior to June 4, 1900, there were constructed and maintained in front of the lots described, good board sidewalks; that on said date, the village board of trustees passed an ordinance, providing for the construction by special taxation of brick sidewalks in lieu of said board sidewalks; that the tax, levied by virtue of said ordinance, against the property of appellants, was returned as delinquent, and upon application for judgment therefor, appellants, with others, filed their objections thereto, which objections were sustained by the court and the said ordinance declared illegal and void. The bill further alleges that on January 16, 1903, the board of trustees of said village passed a resolution, wherein, after reciting that appellants had refused to pay the amount of an assessment made by the village in pursuance of an ordinance providing for the construction of brick sidewalks and had defeated an application for judgment therefor, that the parties who furnished the materials entering into the construction of said walks were yet unpaid and that there was no money in the village treasury to pay them, the street commissioner was instructed to remove the brick, sand and other material used in the construction of said walk to some convenient place for the purpose of being returned to the parties from whom the same was purchased.

It is further alleged in the bill, that the village board has made no provision for replacing the brick sidewalks proposed to be torn up; that said walks are in good state of repair, in constant and necessary use by the public and by appellants as the only means of ingress to and egress from the property owned and occupied by them; and that the parties from whom the materials used in the construction of said sidewalks was purchased have, in fact, been paid in full therefor by the village board. It is further alleged in the bill that the resolution in question was adopted and is threatened to be enforced in pursuance of an intention upon the part of the village board, wantonly to oppress and harass appellants and to compel them to pay an exorbitant and illegal special tax assessed and levied by virtue of an ordinance which has been declared void by a court of competent jurisdiction.

It is not claimed by appellees that the passage of the resolution and its threatened enforcement, is a legitimate exercise of the powers vested in the village board, but it is insisted in support of the ruling of the court in sustaining the demurrer to the bill, that appellants have no such common interest in the subject-matter of the bill, as authorizes their joinder as parties complainant; that it does not appear from the allegations of the bill that appellants will sustain any special damage or injury, other than such as will be sustained by the general public, except as it may be in degree, and that appellants have an adequate remedy at law.

While appellants are the owners in severalty of the property described, they are seeking relief against the same injury upon the same ground, and are, therefore, properly joined as complainants. Mt. C., C. & R. R. Co. v. Blanchard, 54 Ill. 240; Hickey v. C. & W. Ind. R. R. Co., 6 Ill. App. 172.

A property owner having property abutting upon a public street and whose right of ingress to and egress from such property, is obstructed in such street, sustains a special injury different from that sustained by the public. This doctrine is clearly recognized in Stack v. City of East St. Louis,

Nichols v. Village of Sadorus.

85 Ill. 377, and Village of Winnetka v. Clifford, 201 Ill. 475. In Brakken v. Minneapolis Ry. Co., 29 Minn. 41, it is said: "It may not be very important to the general public whether they shall be able to get to the private property of an individual, but it is important to the individual whether he should be able to get to and from his residence or business, and whether the public have means of getting there for social or business purposes. If there be an obstruction in the street in front of or near his abutting property, so as to prevent access to it, the damage which he sustains is different, not merely in degree, but in kind, from that experienced in common with other citizens; and he may maintain a private action for a special injury to him, notwithstanding there is also a remedy in behalf of the public."

In High on Injunctions (3rd ed. sec. 816), it is said: "The remedy by injunction is the most efficient means of preventing obstructions to public highways, and where the facts are easy of ascertainment and the rights resulting therefrom are free from doubt the relief will be granted at the suit of a citizen having an immediate and special interest in the matter, and the owner of a lot abutting upon a street sustains such a special injury, different than that sustained by the public, as to entitle him to maintain an action to restrain the unauthorized obstruction of the street in front of his premises."

The case at bar is clearly distinguishable from City of Chicago v. Union Building Association, 102 Ill. 398; Guttery v. Glenn, 201 Ill. 275; and Seager v. Kankakee County, 102 Ill. 669, cited by appellees.

The absence of a sidewalk, and the excavation necessarily made in removing the materials used in the construction of the existing sidewalk immediately in front of appellants' property, would result in a continuing injury and damage to each of the appellants, in the use and occupancy by them of such property for residence and business purposes, and we are of opinion that their remedy at law for the damage thereby sustained is not adequate and complete.

The jurisdiction of equity may, however, be invoked by appellants in this case, upon the ground that the adoption by the village board of the resolution and the threatened action thereunder, is in violation of a trust and an abuse of power, sought to be exercised in bad faith, to the wanton injury of the rights and property of individuals. Carter v. City of Chicago, 57 Ill. 283.

The criticism by appellees, in the face of the allegations of the bill and the language and apparent purpose of the resolution, that appellants have no standing in a court of equity because they do not come with clean hands, presents a striking solecism.

The demurrer should have been overruled and the decree dismissing the bill for want of equity is reversed and the cause remanded for further proceedings not inconsistent with the views here expressed.

*Reversed and remanded.*