454        APPELLATE COURTS OF ILLINOIS.

Sup. Ct. of Ind. Order of Foresters v. Fisher, 172 Ill. App. 454.

# The Supreme Court of Independent Order of Foresters, Plaintiff and Appellee, v. Carrie P. Fisher et al., Defendants and Appellants.

## Gen. No. 17,053.

1. INTERPLEADER—*when answer may not be amended.* On a bill of interpleader by a fraternal benefit society, against the executrix and sole legatee and heirs at law of a decedent, to determine rights to a death benefit, it is within the discretion of the court to deny a motion for leave to amend an answer by adding certain allegations charging the society with bad faith in filing its bill, the motion being supported by an affidavit that the defendant "believed" the allegations to be true and that they could be sustained by proof, and that knowledge thereof had been gained but "recently" and "within the last month."

2. APPEALS AND ERRORS—*when time to present certificate of evidence may not be extended.* It was supposed that an order extended the time to present a certificate of evidence in an equity case to sixty days. The appellant contended that it showed on its face that ninety days had been granted and the court granted a further extension, reserving the right to vacate such order after a determination of the question of how many days were granted. The court vacated the order of further extension by an order to the effect that it had inspected its memorandum of the original order and had heard evidence and that the original order had been changed by some unknown person, without the authority of the court, to ninety days. *Held,* a further extension at the expiration of the sixty days was properly denied.

3. APPEALS AND ERRORS—*when finding by court precludes raising question on appeal.* Where, to determine the rights to a death benefit, a fraternal benefit society files a bill of interpleader against the member's executrix and sole legatee and heirs at law, alleging that it is entitled to file such a bill, on contention by the executrix and sole legatees that the bill is improperly filed, because the society is interested in the result and bound by contract to such party, a finding by the court that the bill is properly filed is sufficient on appeal in the absence of any showing in the record to the contrary.

4. INSURANCE—*what law governs in determining right to death benefit.* Where the death benefit from a foreign fraternal benefit society is made payable to the insured as permitted by the society's constitution, which, however, subjects its contracts to the laws of the state in which the member resides at the time of his death,

and the contract was made in Illinois, the questions whether the sole legatee or the heirs at law are entitled to the benefit is to be determined by the Statute of Illinois relative to the eligibility of beneficiaries, and not by the law under which the society was incorporated.

Appeal from the Superior Court of Cook county; the Hon. ALBERT C. BARNES, Judge, presiding. Heard in the Branch Appellate Court, at the October term, 1910. Affirmed. Opinion filed October 3, 1912. Rehearing denied October 17, 1912.

CLARK VARNUM, for appellant.

ISRAEL COWEN, for appellees.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

On June 15, 1906, the Supreme Court of the Independent Order of Foresters (hereinafter called the society), a fraternal beneficiary society incorporated under the laws of the Dominion of Canada and duly licensed, under the Act of June 22, 1893, of the legislature of this state, regulating such societies, to conduct its proper business within this state, filed its bill of interpleader in the Superior Court of Cook county in which Carrie P. Fischer, personally and as executrix of the last will of Frederick Krote, deceased, was made a defendant, and Minna Krote, Gustav Krote, Mary Krote, Ferdinand Krote and Otto Krote, as the heirs-at-law of said Frederick Krote, were also made defendants. The bill alleged, substantially, that the society had a subordinate court, known as "Court Phil Sheridan No. 3391," located in the city of Chicago; that on February 17, 1897, and while the society was so licensed in Illinois, the subordinate court admitted said Frederick Krote, of Chicago, Illinois, to membership therein and issued to him a certificate by which the society agreed, subject to all the conditions and provisions of the certificate and the by-laws of the society, and upon his death being established, to pay to the widow, *or other beneficiary* or trustee designated by

456    APPELLATE COURTS OF ILLINOIS.

Sup. Ct. of Ind. Order of Foresters v. Fisher, 172 Ill. App. 454.

him, or, in default of such designation, to his executors or administrators, a mortuary benefit of $500; that said Frederick Krote designated himself as the beneficiary to whom said $500 should be paid at his death by writing in the proper place on the back of said certificate the word "myself," and by signing his name thereto in the presence of the officers of said subordinate court; that on June 9, 1904, he departed this life at Chicago, being then in good standing in said subordinate court and with his said certificate in full force; that during his lifetime he had made no change as to his beneficiary; that on June 16, 1904, proofs of death were made, as required by the by-laws of the society, by the said defendant Carrie P. Fischer, of Chicago, Illinois, and thereby the society became obligated to pay said $500 to whomsoever was legally entitled thereto; that prior to his death said Frederick Krote executed a last will and testament by which he devised and bequeathed all of his property to the said Carrie P. Fischer, and named her as executrix of said will, which will was duly probated in the Probate Court of Cook county on September 14, 1904, and letters testamentary were issued to her and she is now acting as such executrix; that since the receipt of said proofs of death the society has been ready and willing to pay the said $500 to whomsoever was entitled thereto; that demand has been made upon the society to pay the same to two different classes of parties, to-wit: to said Carrie P. Fischer, as sole legatee and executrix of said will, and to said Minna, Gustav, Mary, Ferdinand and Otto Krote (hereinafter designated as the heirs-at-law), who claim to be the heirs-at-law of said deceased, and that for this reason alone the society has been unable to pay the said sum without subjecting itself to a double liability; that on February 28, 1905, said Carrie P. Fischer commenced an action at law in said Superior Court against the society, claiming the full amount of said certificate by reason of the conditions

thereof, the endorsement thereon as to the beneficiary and the provisions of said will; that on August 22, 1905, said heirs-at-law also commenced an action at law in said Superior Court against the society, claiming the full amount of said certificate by reason of the fact, as set forth by them, that said deceased left no widow, nor children, nor parents, and that they were the only heirs-at-law of said deceased; that neither of said suits at law has been reached for trial, and that the society brings into court said sum of $500 and asks that the same may be paid by order of court to the persons found to be lawfully entitled thereto.  The bill denied that the society colluded with any of the defendants, etc., or had been in any manner indemnified by any of them, or had filed its bill at the request of any of them, and contained the usual prayer of such a bill.  An injunction was also prayed, restraining the defendants from prosecuting their several suits at law, above mentioned, which on December 22, 1906, was granted, and the said $500 was deposited with the clerk of the court, the question as to whether or not interest on said sum should be paid by the society being reserved to the hearing.  It appearing that two of said heirs-at-law were minors, the bill was amended in this particular and a guardian *ad litem* was appointed for said minors. On July 9, 1907, the said two actions at law were consolidated with this cause.  Answers to the bill were filed by Minna Krote, Gustav Krote and Mary Krote, three of said heirs-at-law, and by Carrie P. Fischer, and by the two minors heirs-at-law by their guardian *ad litem,* and the issues were made up.  The case was tried before the chancellor and evidence was heard in open court, but there is no certificate of evidence in the transcript of the record before us for reasons hereinafter stated.

On June 3, 1910, the court entered a final decree finding the facts substantially as above stated and further finding that the court had jurisdiction of the sub-

458    Appellate Courts of Illinois.

Sup. Ct. of Ind. Order of Foresters v. Fisher, 172 Ill. App. 454.

ject matter and of the parties and that the bill was properly filed; that among the provisions of the Act incorporating the society is one authorizing the society to establish a benefit fund from which, on satisfactory evidence of the death of a member who has complied with all its lawful requirements, a sum of money shall be paid to the widow, orphans, dependents, or other beneficiary whom the member has designated, or to the personal representative of the member, or from which, upon the completion of the expectancy of life of the member laid down in the constitution and by-laws of the society, such sum shall be paid to himself; that among the provisions of the constitution of the society is one which states that among the objects of the order it is purposed to establish a benefit fund from which, upon satisfactory evidence of the death, or total and permanent disability of a member who has complied with the requirements contained in said constitution and by-laws, a sum not exceeding $5,000 shall be paid to the member, his wife, or his affianced wife, or his children, or his blood relations, or to persons dependent upon the member whom he may have designated as provided in said constitution and laws, *subject, however,* in case of the death of a member, to the laws of the province, state or country in which the member resided at the time of his death; that the contract existing between the society and said deceased member, which is evidenced by said benefit certificate, was entered into in Illinois, was performed in Illinois and was a contract subject to the laws thereof concerning the regulation and control of fraternal benefit associations; that the application of said Frederick Krote for membership in said society was received by it in Illinois; that he was examined by the society's medical examiner in Illinois; that he was accepted and initiated as a member in Illinois and his certificate there delivered to him; that all his assessments and dues as a member were paid in Illinois and that he was at all

times from the date when he became a member until
his death a resident of this state; that the designation
by said Frederick Krote of himself as the beneficiary
of said contract was in contravention of the laws of
Illinois, regulating the beneficiaries who might be des-
ignated to take moneys accruing under the contracts
of such societies in Illinois; that said designation by
him of himself as his beneficiary was illegal and void,
and that the sum of money mentioned in said certifi-
cate became and was upon his death payable to said
heirs-at-law; that said Frederick Krote left him sur-
viving said five heirs-at-law as his only heirs-at-law
and next of kin; that said society is liable for interest
on said $500, payable under the terms of said certifi-
cate, from October 4, 1904, the date of the completion
of said proofs of death, to June 15, 1906, the date of
the filing of this bill, at the rate of 5 per cent. per
annum, which amounts to $42.43; that the society is
entitled to have allowed to it, as its costs, the sum of
$10, and the sum of $50 for the reasonable charge of
its solicitor for preparing and filing the bill, amount-
ing in all to $60, which should be paid out of the $500
heretofore paid by the society to the clerk of the court;
and the chancellor decreed that the society pay to the
clerk of the court the said sum of $42.43, interest, and
that upon payment thereof said clerk shall pay to the
society, or its solicitor, the said sum of $60, for its
costs and reasonable solicitor's fees, out of the funds
in his hands in this cause, and a guardian's fee of $30
to said guardian *ad litem,* and shall pay the remainder
of said funds in his hands, being $452.43 to said heirs-
at-law, or their solicitor.   From this decree appellant
prayed an appeal to this court, which was allowed upon
her filing her bond, personally and as executrix, within
thirty days and a certificate of evidence within sixty
days.

At the time when Frederick Krote was admitted as
a member in the society and said certificate issued to

460     APPELLATE COURTS OF ILLINOIS.

Sup. Ct. of Ind. Order of Foresters v. Fisher, 172 Ill. App. 454.

him, said Act of June 22, 1893, of the legislature of this
state was in force. It is provided in Section 1 of said
act (Sec. 258, Chap. 73, Hurd's Rev. Stat. Ill.) that
"payments of death benefits shall only be paid to the
families, heirs, blood relations, affianced husband or
affianced wife of, or to persons dependent upon the
member." While the chancellor found that said five
heirs-at-law were the only heirs-at-law and next of kin
of said deceased member, the decree did not specifi-
cally find that said Carrie P. Fischer was not a blood
relation, or not an affianced wife, or not a person de-
pendent upon, said Frederick Krote. But it does not
appear from the transcript of the record before us that
she claimed that she was a blood relation or the
affianced wife of, or a person dependent upon, said
deceased. And counsel for appellant does not raise
this point in the brief but therein makes mention of
his client as "this poor woman, who, with a helpless
husband to support, had been the only benefactor
Frederick Krote ever had." Counsel urged a reversal
upon other grounds, viz: (1) the trial court erred in
refusing to allow appellant, after a hearing had been
had, to amend her answer by adding thereto certain
allegations charging that the society had not filed its
bill in good faith; (2) the court erred in refusing to
extend the time within which appellant might present
a certificate of evidence; (3) the bill of interpleader
was improperly filed because the society was interested
in the result thereof, and was bound by contract to
appellant, one of the claimants to the fund, and (4)
the decree is erroneous because, as appears therefrom,
by the act incorporating the society in the Dominion of
Canada benefits shall be paid "to the widow, orphans,
dependents, *or other beneficiary* whom the member has
designated, or to the personal representative of the
member, or * * * upon the completion of the ex-
pectancy of life of the member * * * such sum
shall be paid to himself," and the law of the country

where the insuring corporation is incorporated and has its home office governs, as to the eligibility of a beneficiary, rather than the law of the state or country where the contract of insurance was executed, and where the insured resided at the time he obtained his insurance and at the time of his death, and where the insuring corporation is licensed to do "its proper business" under an act of the legislature of said latter state or country which, as to the eligibility of a beneficiary, is different and more limited.

As to counsel's first contention it appears from the record that, after the hearing had been had and at the time the court was about to enter the decree, appellant moved the court for leave to amend her answer by adding thereto certain allegations charging the society with bad faith in filing its bill. The motion was supported by an affidavit in which appellant said she "believed" said allegations to be true, and further believed that the same could be sustained by proof, and that knowledge thereof had but "recently" and "within the last month" come to her. The court denied the motion. This was within the discretion of the chancellor, and there is nothing before us even tending to show that that discretion was abused. The decree found that the bill had been properly filed.

As to counsel's second contention that the court erred in refusing to extend the time within which appellant might present a certificate of evidence, it appears that after the expiration of the sixty days within which time appellant might present a certificate of evidence, as originally limited by the chancellor who entered said decree, appellant's solicitor appeared before another chancellor of said Superior Court (hearing emergency matters during vacation) and contended that the order of June 3, 1910, showed on its face that appellant had been given ninety days for such presentation, and after argument that chancellor entered an order, September 1, 1910, to the effect that the time

462    Appellate Courts of Illinois.

Sup. Ct. of Ind. Order of Foresters v. Fisher, 172 Ill. App. 454.

to present and file a certificate of evidence be extended twenty days, but in the order it was stated that "the court hereby reserves the right to vacate this order after a hearing and determination of the question whether the time as originally granted for such presenting and filing was sixty days or ninety days." On September 22, 1910, the solicitor of appellant appeared before the chancellor who entered said decree, and that chancellor denied his motion to extend the time to file and present a certificate of evidence, and entered an order to the effect that,

"This court having inspected the memorandum of an order written in its handwriting, which is directed to be entered herein on June 3, 1910, and which was filed in this cause at that time, and it appearing, * * * from evidence heard in open court, that the time originally granted and written therein for presenting and filing the certificate of evidence was sixty days, and that the same was changed by some person unknown, without the knowledge, consent or order of the court to ninety days, and * * * that the said memorandum or order has not yet been entered of record, * * * the court doth find that said order of September 1, 1910, was erroneously entered, the court being without jurisdiction to enter the same for the reason that the time to present and file a certificate of evidence had long expired before said September 1, 1910, and it further finds that the time originally granted by this court * * * was sixty days, not ninety days, and that the memorandum of the order * * * was in the handwriting of the court, and that there was written in such order at the time of entering the same the number '60' days, instead of '90' days now appearing thereon, and that the figure '9' has been inserted in lieu of the figure '6' by some person unknown, without the knowledge or consent of the court and without any order of the court. It is therefore Ordered that the order so entered on September 1, 1910, be and the same is hereby set aside and vacated, and that the original order of June 3, 1910, be made and entered *nunc pro tunc* as of said date upon the

records of this court, so as to read that leave was given to present and file a certificate of evidence in said cause within sixty (60) days from said June 3, 1910."

In view of the foregoing we do not think there is any merit in counsel's second contention.

Nor do we think that there is merit in the contention of counsel that the bill of interpleader was improperly filed because the society was interested in the result thereof and was bound by contract to appellant. It appears from the allegations of the bill that the society was entitled to file such a bill as was filed, and the court found that the same was properly filed. That finding is sufficient in this court in the absence of any showing in the record to the contrary. In view of the state of the record, the citations of counsel (Pom. Eq. Juris., Sec. 1326, and Newman v. Commercial Bank, 156 Ill. 530, 535) are not applicable to the facts herein.

As to counsel's last and main contention, above mentioned, that the question whether or not appellant is entitled to the fund in controversy, under the facts of this case, is not to be governed by the provisions of said act of the legislature of this state of June 22, 1893, relative to the eligibility of beneficiaries, it appears from the decree that, by the constitution of the society, upon the death of a member a sum not exceeding a certain fixed amount shall be paid to certain persons named as eligible beneficiaries, whom the member may designate, *subject, however,* "to the laws of the province, state or country, in which the member resided at the time of his death. In this case, deceased, at the time of his admission to the society and at the time of his death, resided in the State of Illinois, and at the time of his said admission said act of June 22, 1893, was in force, and, by his will, he designated a person as beneficiary under his certificate in the society who was not eligible as such beneficiary under said act. Therefore, she is not entitled to the fund. In

464 · Appellate Courts of Illinois.

Sup. Ct. of Ind. Order of Foresters v. Fisher, 172 Ill. App. 454.

Grand Lodge v. Ehlman, 246 Ill. 555, our Supreme Court said (p. 558) :

"The act of 1893 for the organization of fraternal beneficiary societies limits the persons to whom payment of death benefits may be made, to the families, heirs, blood relatives, affianced husband or affianced wife of, or persons dependent upon, the member. The appellant, though named as beneficiary, being outside the classes designated by the statute as eligible to that relation, is not entitled to take the fund, but the appellee, being the only heir, is eligible as a beneficiary and is entitled to the fund. (Murphy v. Nowak, 223 Ill. 301.) The fact that the appellant does not belong to any eligible class is not an objection which the society alone can raise. The rights of the respective parties to the fund are fixed by law, and are not affected by the action of the society in bringing money into court in order to be relieved of litigation because of conflicting claims to it. (Royal Arcanum v. McKnight, 238 Ill. 349.) "

And the fact that the society was organized under the laws of the Dominion of Canada, where, under the facts of this case, appellant might have been eligible as a beneficiary had the contract of insurance been made in that country, cannot in this state change the rule, as above announced, as to the eligibility of beneficiaries. The insurance contract in this case was made in this state and must be governed by the laws of this state. In Coverdale v. Royal Arcanum, 193 Ill. 91, our Supreme Court said (p. 106) :

"The doctrine in this state is, that foreign corporations come into this state, not as a matter of legal right, but only by comity, and that such corporations are subject to the same restrictions and duties as corporations formed in this state, and have no other or greater powers. Foreign corporations cannot be permitted to come into this state for the purpose of asserting rights in contravention of our laws. Harding v. American Glucose Co., 182 Ill. 551. The contract of insurance between Wasserman and appellee was made

in the state of Illinois. The insurance was solicited by appellee's agent, the subordinate local council, at Chicago. Wasserman was a resident and citizen of Illinois. * * * The benefit certificate was received and accepted by him in writing in Illinois. The law of the country where the contract is made governs its construction and determines its validity."

Section 26 of our Corporation Act provides:

"Foreign corporations, and the officers and agents thereof, doing business in this state, shall be subjected to all the liabilities, restrictions and duties that are or may be imposed upon corporations of like character organized under the general laws of this state, and shall have no other or greater powers."

In speaking of this statute, this court, in North American Ins. Co. v. Yates, 116 Ill. App. 217, (affirmed 214 Ill. 272, 282) said on page 220:

"The Supreme Court in People v. Van Cleave, 187 Ill. 125, and in Coverdale v. Royal Arcanum, 193 Ill. 91, held that this section applies to and includes insurance companies."

In People v. Van Cleave, *supra,* it was said (p. 137):

"The general statute, which requires that foreign corporations shall have no other or greater powers than domestic corporations, contains a direct implication that such foreign corporations shall have equal powers with domestic corporations of like character. The purpose of our statute is to produce uniformity in the powers, liabilities, duties and restrictions of foreign and domestic corporations of like character, and to bring them all under the influence of the same law."

For the reasons indicated the decree of the Superior Court of Cook county is affirmed.

*Affirmed.*