[Civ. No. 872. First Appellate District.—December 1, 1911.]

## JOURNEYMEN BUTCHERS' PROTECTIVE AND BENEVOLENT ASSOCIATION OF THE PACIFIC COAST, a Corporation, Respondent, v. ALICE BRISTOL, Respondent, and JOSEPHINE AUBREY, Appellant.

MUTUAL BENEFIT SOCIETY—RULES LIMITING BENEFICIARY TO LEGAL HEIRS.—Where the rules of a mutual benefit society provide that "in case of the death of a member in good standing, the benefit shall be paid to his legal heirs designated in the application for endowment certificates," and also if none are designated it shall go to his lawful heirs, in case of a person designated therein at the time of his death who is no way related to him, such designation must be deemed ineffective, and his mother, who was his sole heir at his death, will be entitled to recover the benefits under the rules of the society.

ID.—OBJECT OF MUTUAL BENEFIT SOCIETY—LIBERAL CONSTRUCTION OF RULES.—The object of a mutual benefit society is to assist the families and heirs of deceased members; and the courts are bound to construe its rules and regulations liberally so as to effect the benevolent purposes of the order. Where the class of persons to whom the benefits are to be paid is prescribed by its rules, neither the society nor its members, nor both, can be permitted to divert the fund from that class, and the designation of an ineligible person can have no validity or effect. In such case, the rules are to be liberally construed to make them effective in favor of the mother of the deceased as the sole heir having the natural right of succession to the endowment fund, though not named in the certificate.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

H. W. Hutton, for Appellant.

Knight & Webster, for Plaintiff-Respondent.

Harris & Hess, for Alice Bristol, Respondent.

KERRIGAN, J.—The plaintiff is a fraternal and beneficial organization, of which Charles R. Aubrey was at the time of

his death a member in good standing. While such member, in accordance with the laws of the plaintiff corporation, there was issued to him a benefit certificate for $500, in which certificate he named as the beneficiary thereof the respondent Alice Bristol. She, although sometimes known by the name Aubrey, was not related to the deceased, and the sole heir left surviving him is his mother, the appellant. Upon the death of Aubrey both respondent and appellant demanded payment of the certificate, whereupon the plaintiff filed a complaint in interpleader against them, in which, while it denied the claim of appellant to any interest in the fund, it offered to pay the money into court "for the use and benefit of the person or persons, if any, found to be entitled thereto." Subsequently the $500 was by plaintiff deposited with the clerk of the superior court for that purpose.

The provision of the laws of the plaintiff which governs the question as to who is entitled to this fund reads as follows:

"In case of the death of a member in good standing, the benefits shall be paid to his legal heirs designated in the application for endowment certificates. If one or more members of the beneficiaries shall die during the lifetime of the member, the surviving beneficiary or beneficiaries shall be entitled to the benefits equally, unless otherwise provided in the application for endowment certificate; and if all the beneficiaries shall die during the lifetime of a member, and he shall have made no other provision, or no legal heir shall appear within twelve calendar months from the death of a member, the certificate shall be null and void."

Organizations like the plaintiff are generally created and instituted for the aid and relief of the families of deceased members, and usually their laws provide that the beneficiary of the fund must be a relative, and dependent on the deceased member, and that the appointee must be one of that class. (*Caldwell* v. *Grand Lodge,* 148 Cal. 195, [113 Am. St. Rep. 219, 82 Pac. 781, 2 L. R. A., N. S., 653]; 3 Am. & Eng. Ency. of Law, 1042; 29 Cyc. 111.) Where the class of persons to whom the benefits shall be paid is prescribed by the society, neither the society nor the member, nor both, can divert the

17 Cal. App.—37

fund from that class, and the designation of an ineligible person is ordinarily void or ineffectual.   (29 Cyc. 107, 108.)

Respondent does not dispute these general principles, nor does she dispute that the intention of the plaintiff corporation, as manifested by the quoted by-law, was to confine members to nominating heirs as beneficiaries.   Respondent does, however, contend that the appellant, not having been designated in the endowment policy, she has no interest in the fund, and that therefore no one but the fraternal association could question the ineligibility of the person designated, and the society, having paid the money into court, has waived its right to object, and the respondent is therefore entitled to recover the fund.

There is a conflict in the authorities as to whether the society, by paying the money into court, waives its objection to the ineligibility of the person nominated.   (29 Cyc. 105; *Keener* v. *Grand Lodge,* 38 Mo. App. 543–550; 1 Bacon on Benefit Societies and Life Insurance, secs. 242, 252; *McLaughlin* v. *McLaughlin,* 104 Cal. 171, [43 Am. St. Rep. 83, 37 Pac. 865].)   But here the plaintiff in the complaint denied that the respondent had any interest in the fund, and ultimately paid the money into court expressly for the limited purpose of having the court determine who, under the laws of the society, was entitled thereto.   Hence the soundness of the respondent's position both as to the law and the facts may, to say the least, be seriously doubted.

But whatever may be the correct view of these matters is unimportant here, for we think the mother of the deceased is entitled to the fund under the laws of the association.

As before stated, the object of a society of this kind is to assist and benefit the families and heirs of deceased members; and courts are bound to construe its rules and regulations liberally to effect the benevolent purposes of the order.   (3 Am. & Eng. Ency. of Law, 1067; Niblack, secs. 160–175; *Keener* v. *Grand Lodge,* 38 Mo. App. 553.)   Again, if there were any doubt as to which of these two claimants is entitled to the fund, the policy of our law would be to give the by-law the interpretation that would favor the mother, she having the natural right.   (Code Civ. Proc., sec. 1866.)   Liberally construing the laws of the plaintiff corporation, if a

liberal interpretation is necessary, we think the mother, being a legal heir of the deceased member under the statute of successions (Civ. Code, sec. 1386), is the beneficiary of the fund, although she was not nominated as such. It is true that the first paragraph of the by-law mentioned, as claimed by respondent, limits in a negative way the payment of the certificate to designated legal heirs, but what immediately follows in effect provides that if all the nominated heirs die before the member, and no other heir is designated, and an heir appears within twelve calendar months from the date of the member's death, such heir shall be entitled. For example, if Charles R. Aubrey had named several heirs, and they had all died before him, or if he had failed to nominate any beneficiary, and the mother in either case had claimed payment of the certificate within the stated time, she would have been entitled to such payment. Here the naming of an ineligible person is equivalent to the failure to designate anyone, and the mother, being an heir, must prevail.

The judgment is reversed.

Hall, J., and Lennon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 29, 1912.