## Green v. Green.

(Decided March 16, 1912.)

### Appeal from Grayson Circuit Court.

1. Insurance—Fraternal Society—Statutes and Charter of Incorporation.—In the case of fraternal insurance societies, it is the rule that when the classes of persons to whom benefit may be paid are prescribed by statute or by the society's charter of incorporation, neither the society nor the member, nor both combined can divert the funds.

2. Same—Beneficiary—Wife—Divorce—Affianced Wife.—Where the wife of the deceased is named as beneficiary, her right to the benefit is defeated by an absolute divorce and though she there-

after becomes the affianced wife of the insured, she will not be entitled to the benefit unless the insured does some affirmative act by which she as his affianced wife is designated as the beneficiary.

J. C. GRAHAM, CHAS. V. HIGDON and O'DOHERTY & YONTZ for appellant.

CHAS. P. JOHNSON and J. M. CAMPBELL for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Joseph T. Green was a member in good standing of the Modern Woodmen of America, a fraternal insurance society. On August 8, 1908, the society issued to him a benefit certificate for $1,000.00, wherein appellant, Nancy K. Green, then his wife, was named as beneficiary. In January, 1910, appellant, Nancy K. Green, obtained a divorce from Joseph T. Green. On August 30, 1910, Joseph T. Green died.

The Modern Woodmen of America is a corporation organized and existing under the laws of the State of Illinois, with power to conduct a fraternal life insurance business. It is under the supervision of a grand or supreme body and procures members through the lodge system exclusively. It pays no commissions and employs no agents, except in the organization of the local, or subordinate lodges or council. The laws of Illinois under which the society was incorporated provide as follows:

"Payment of death benefits shall only be made to the families, heirs, blood relatives, affianced husband or affianced wife or to persons dependent upon the member."

The by-laws of the society contain the following provisions:

"No. 45. Benefit certificates shall be made payable only to the wife, surviving children, or some other person or persons specifically named in said benefit certificate as beneficiary, who are related to the member as heir, blood relative, or person dependent upon him or member of his family whom the applicant shall designate in his application. No payment shall be made upon any benefit certificate to any person who does not bear such relationship as wife, surviving child, heir, blood relative

or person dependent upon or member of the family of the member at the time of his death.

No. 46. If the death of a beneficiary of any member heretofore or hereafter adopted shall occur prior to the death of such member, or in the event of the disqualification of the beneficiary under the provisions of section 45 hereof, and if such member has failed to have another beneficiary named as provided in section 47 hereof, then the amount to be paid under the benefit certificate shall be payable to the surviving beneficiaries, if any there be, or if no beneficiaries survive him, then to the widow; if no widow, to his children, including his legally adopted children, and in case there are deceased children or child, the children or child of such shall take the share of such deceased parent; if no children or child of the deceased children or child, to the mother; if no mother, to the father; if no father, to the brothers and sisters, share and share alike, and in case there are deceased brothers or sisters, then to the children or child of such, who shall take the share of such deceased parent; if no brothers or sisters or children or child of any deceased brother or sister, then to the next of kin, who would be the distributees of the personal estate of the member upon his death intestate according to the laws of the state wherein said member resided at the time of his death.

No. 49. The contract for beneficial membership between the society and its beneficial members shall include the application for beneficial membership, the medical examination furnished by the applicant, the benefit certificate issued thereupon, and the by-laws of the Society as they exist at the time of the issuance of the certificate, or as they may be thereafter amended, modified or changed; all with the same force and effect as written into the face of the benefit certificate. This provision shall be construed not only to govern the rights and conduct of the member, but also to determine the financial liability of the member to the Society and of the Society to the member and his beneficiary or beneficiaries.''

This action was instituted by Martha J. Green, the mother of the decedent member, against the Modern Woodmen of America, and Nancy K. Green for the purpose of recovering the proceeds of the benefit certificate. In addition to setting forth the above facts the petition

charged that Nancy K. Green and James T. Green were divorced, and that they entered into a written contract by which James T. Green transferred to Nancy K. Green certain property, money, &c., which she agreed to and did accept in full satisfaction of all claims she then had or might have to any part of his property. The petition further alleged that the decedent had no children or child or descendant of any child, at the time of his death; that his father was dead at the time; that he had not adopted any child, and that appellant, as his mother, was entitled to the proceeds of the benefit certificate. The Modern Woodmen of America paid the proceeds of the certificate into court to abide the result of the suit. Appellant, Nancy K. Green, filed an answer in two paragraphs. In the first paragraph she denied that appellee, Martha J. Green, was entitled to the proceeds of the certificate, and in the second paragraph she alleged, in substance, that under the terms of the decedent's contract with the Modern Woodmen of America, he had the right expressly reserved to him to change the beneficiary in the certificate and to name another and different beneficiary, but that he declined and refused to do so and elected to keep the certificate in force for appellant's benefit. She further alleged that while she had instituted an action for and obtained a divorce from James T. Green, she had done so only after he had persevered in a course of misconduct towards her and after he had failed to discharge any of the duties incumbent upon him as a husband and he well understood that the proceedings were only had as the last resort; that she did not in fact desire any separation; that after the divorce was granted he changed his course of conduct and living, and there came into existence between them a tacit agreement to the effect that as soon as he showed that he intended in good faith to reform his course of living, they would be re-united in the bonds of matrimony, and that such an agreement was in force at and for a long time prior to his death. Appellant also filed a demurrer to the petition and moved to strike out the allegations in reference to the settlement between her and her husband. Thereafter appellant amended her answer and counterclaim and alleged, in substance, that at and a long time prior to the death of James T. Green, she was the affianced wife of James T. Green and that he had expressly desired that the proceeds of said policy should

come to her and he meant and intended said policy should be for her benefit and frequently so declared in the presence of divers persons and designated and intended the same to be a legacy to her and for this purpose and view elected not to change the beneficiary named in the policy, and allowed same to remain payable to appellant, and that the agreement was well understood between them at and when the divorce was granted and was continued thereafter up to and until his death. Appellant's demurrer to the petition and motion to strike were overruled. Appellee's demurrers to the second paragraph of appellant's original answer and to the second paragraph of her amended answer were sustained and appellant having declined to plead further, judgment was entered in favor of appellee, Martha J. Green. From that judgment this appeal is prosecuted.

For appellant, it is insisted that as the law of the State of Illinois provides that death benefits may be made to the affianced wife of a member, the allegations of the second paragraph of her amended answer are sufficient to show her right of recovery. In the case of mutual benefit societies it is the rule that when the classes of persons to whom benefits may be paid prescribed by statute or by the society's charter of incorporation, neither the society nor the member, nor both combined, can divert the funds. (29 Cyc. 108; Ky. Masonic Life Insurance Cc. v. Miller's Admr., 13 Bush, 489. In the case of old line insurance companies, a member of courts hold that unless the contract provides to the contrary, the designation of a beneficiary, valid in its inception, remains so, although the insurable interest or relationship of the beneficiary has ceased; consequently, it is held that the wife's interest in an ordinary policy of insurance payable to her, is not affected by a divorce. Phoenix Mutual Life Insurance Co. v. Dunham, 46 Conn., 79, 33 Am. Rep. 14; McKee v. Phoenix Insurance Co., 28 Mo., 383, 75 Am. Rep., 129; Oberhiser v. Phoenix Insurance Co., 63 Ohio State, 77, 81 Am. St. Rep., 612; Connecticutt Mutual Life Insurance Co. v. Schafer, 94 U. S., 457, 24 L. Ed., 251.) In the last mentioned case the parties were divorced and each re-married. Upon the death of the husband, the court carried the doctrine to the extent of holding that the divorced wife, who was named as beneficiary in the policy, was entitled to the proceeds of the policy in pre-

ference to the lawful widow, because she had an insurable interest when the policy was taken out.

Other courts, failing to notice the distinction between ordinary insurance companies and fraternal societies, have applied the same rule in the case of the mutual benefit insurance, and have based their opinions upon the authority of the rule laid down in cases where only ordinary insurance policies were involved. (Courtois v. Grand Lodge, A. O. U. W., 135 Cal., 557, 87 Am. St. Rep., 137; West v. Grand Lodge, A. O. U. W., 22 Oregon, 271; Masonic Mut. Ben. Society of Indiana v. Burkhart, 110 Ind., 102; White v. Brotherhood of American Yeoman, 124 Iowa, 293, 66 L. R. A., 164.)

On the other hand, a number of the courts make a distinction between policies in an ordinary insurance company and certificates in a mutual benefit society, and hold in the case of the latter that if the insured designates as beneficiary a member of his family, the subsequent separation of the family relationship, before the insured's death, defeats the beneficiary's right to the fund, and that where the wife is named as a beneficiary, her right to the benefit is defeated by an absolute divorce. (Knights of Columbus v. Roe, 70, Conn., 545; Larkins v. Knights of Columbus, 188 Mass., 22; Bacon on Benefit Societies, 3rd. Ed., Vol. 1, Sec. 243; Kirkpatrick v. Modern Woodmen of America, 103 Ill., App., 468; Tyler v. Odd Fellows' Mutual Relief Assn., 145 Mass., 134; Williams' Appeal, 92 Pa. St., 69; Schonfield v. Turner, 75 Texas, 324; Norwegian Old People's Home Society v. Wilson, 176 Ill., 94.)

And it is also held that if a member names his fiancee as beneficiary, the breaking off of the engagement defeats the interest of the beneficiary. (Grand Lodge, A. O. U. W. v. Child, 70 Mich., 163.)

Without approving of the rule applied by some courts in the case of ordinary life insurance companies, we are of the opinion that there is every reason why a different rule should prevail in the case of mutual benefit societies. The latter are organized for the benefit of the members, their families and those dependent upon them. To permit the benefits to be paid to those at one time sustained such relation, but did not sustain that relation at the time of the member's death, would be to frustrate the purpose of the society. In other words, to entitle one to receive the proceeds of a certificate in a fraternal society, he must, unless the contract or charter

and by-laws provide otherwise, bear the required relation at the time of the member's death. That being true, we are of the opinion that the divorce operated to revoke the designation of appellant as the beneficiary in the certificate in question, and to substitute decedent's mother in her place. If the insured thereafter desired that appellant, as his affianced wife, should become the beneficiary of the certificate, it was necessary for him to do some affirmative act, by which she, as his affianced wife, was designated as the beneficiary. Her appointment as beneficiary having been revoked by the divorce, a subsequent agreement between her and her divorced husband to marry again, did not have the effect of reinstating the appointment. In such a case there must be not only a promise to marry, but a new designation of the affianced wife as the beneficiary of the policy. As the allegations of appellant's answer and amended answer do not bring her case within the rule above announced, it follows that the demurrers thereto were properly sustained.

Judgment affirmed.