BAGGERLY v. SUPREME TRIBE OF BEN HUR ET AL.

[No. 12,443. Filed November 5, 1926.]

1. INSURANCE.—The by-laws, rules and regulations of a fraternal insurance association enter into and become a part of the insurance contract, and §9236 Burns 1926 expressly makes them a part thereof. p. 276.

2. INSURANCE.—*Divorced wife not entitled to recover fraternal insurance death benefit, though named as beneficiary in certificate.*—Section 9234 Burns 1926 provides that the beneficiary in a fraternal insurance certificate shall have no vested interest in the benefit until the death of the member; from which it would follow that a divorced wife would not be entitled to such death benefit, as the same section enumerates the classes of persons to whom death benefits are to be paid, and a divorced wife is not included. p. 277.

3. INSURANCE.—*Exclusion of insured's declarations that he did not wish to change beneficiary was not error.*—Where the by-laws of a fraternal insurance society provided that in case of divorce of a member from wife or husband named as a beneficiary, the death benefit should be paid to insured's administrator if no other beneficiary had been designated, excluding the insured's declarations that he did not wish to change the beneficiary was not error, since they could not change the contract between the association and the member. p. 278.

4. INSURANCE.—In an action between a divorced wife and interpleaded administrator for death benefit in a fraternal insurance association, proof of the appointment of administrator and of names of legal heirs could be made under the general denial. p. 278.

5. APPEAL.—Where fraternal insurance contract provided that death benefit should be paid to insured's administrator in case of divorce between insured and beneficiary, evidence of property settlement at time of divorce, if error, was harmless. p. 278.

From Orange Circuit Court; *James L. Tucker,* Judge.

Action by Anna Delila Baggerly against the Supreme Tribe of Ben Hur, which filed an interpleader naming Jesse R. Beard administrator of the estate of Elmer H. Baggerly, deceased, as a party thereto, and, after paying the sum claimed into court, was discharged. From a judgment in favor of the administrator, the plaintiff appeals. *Affirmed.* By the court in banc.

*Bayless Harvey* and *W. E. Cox,* for appellant.

*Will J. Buskirk, Harry A. Carnes* and *Oscar Ratts,* for appellees.

NICHOLS, J.—Action by appellant to collect a benefit certificate for $500 issued by the Supreme Tribe of Ben Hur on the life of Elmer H. Baggerly, deceased.

The Tribe of Ben Hur filed an interpleader alleging that both appellant and appellee administrator were claiming to be owners of the benefit certificate, and the amount therein set forth, and asking permission of the court that it be permitted to pay the full amount mentioned in said certificate to the clerk of the Orange Circuit Court, and that appellant and appellee administrator thereafter be required to litigate the question as to which of the two was entitled to recover thereon, and that it be relieved from further liability, which petition was granted. There were special findings of fact and conclusions of law in favor of appellee administrator, on which judgment for appellee was rendered. Errors in the court's conclusion of law and in overruling appellant's motion for a new trial are respectively assigned.

VOL. 85—18

It appears by the special finding that appellant and Elmer H. Baggerly were intermarried on August 2, 1904, and lived and cohabited as husband and wife until June 17, 1922.

On April 12, 1909, the Supreme Tribe of Ben Hur issued to Elmer H. Baggerly a certificate of beneficial membership in the amount of $500, and appellant as his wife was designated therein as beneficiary.

Such certificate of beneficial membership is set out in full in the findings and the written acceptance thereof was as follows: "I hereby accept this certificate upon the terms and conditions therein named and I agree that my rights and the rights of my beneficiary or beneficiaries shall be governed and controlled by the laws, rules and regulations of the Supreme Tribe of Ben Hur now in force or which may hereafter from time to time be adopted."

On June 17, 1922, on the application of appellant, the circuit court of Martin county, Indiana, granted to appellant a decree of divorce from her said husband.

Pending the divorce proceedings, said parties made a property settlement, and all property rights were by said settlement and said divorce settled between them.

Elmer H. Baggerly, died August 2, 1923. Said certificate of beneficial membership was in full force and effect at the time of his death, and the beneficiary named therein was not by him in any way changed or attempted to be changed, nor did he make or attempt to make any disposition whatever of such certificate.

Appellant had possession of said certificate from the date of the decree of divorce between her and her husband and has possession of the same at the present time.

She made payments of some of the premiums due on said certificate, both prior and subsequent to the date of said divorce, and paid thirty-four cents to the com-

pany, after his death. On September 17, 1923, the Supreme Tribe of Ben Hur paid into court the sum of $500, being the full amount mentioned in said certificate of beneficial membership for the use and benefit of those legally entitled to receive the same, and said sum is now in possession of the clerk.

At time of issuing said certificate of beneficial membership and at the time of the granting of said divorce and at the time of the death of Elmer H. Baggerly and at the present time, the by-laws governing the Supreme Tribe of Ben Hur, and governing the issuing of said certificate and governing the way and manner that changes may be effected in the beneficiaries were in full force and effect and, so far as here involved, were as follows:

"A member may designate as beneficiary any one or more persons of any of the following classes, viz.: Wife, husband, fiancee, relative by blood to the fourth degree, father-in-law, mother-in-law, son-in-law, daughter-in-law, step-father, step-mother, step-children, children by legal adoption, or to a person or persons dependent upon the member.

"It is prohibited by the Statutes under which this Society is organized to designate as a beneficiary a friend, creditor or trustee not above contemplated.

"In the event of the death of a designated beneficiary, prior to the death of the member, and the member dies without having made disposition of said portion or all of his certificate, the same shall be paid to the legal representative of the said deceased member for the use and benefit of the deceased member's heirs if any survive.

"In the event of the divorce of a beneficial member from wife or husband as the case may be, who is named as sole beneficiary in his or her beneficial certificate, if no other designation has been made, in no such case

shall the designation of husband or wife be taken to mean divorced husband or the divorced wife of such beneficial member.

"In the event of the divorce of a beneficial member from wife or husband, as the case may be, who is named as sole beneficiary in his or her beneficial certificate, if no other designation has been made the benefit shall be paid the same as if the designated beneficiary had died before the death of the beneficial member and no new designation had been made."

Said decedent left surviving, as his sole and only heirs at law, his mother, Dora Beard, and his brother, Mathew Baggerly, and his half brother, John Poe.

On these findings, the court stated as its conclusion that the law is with appellee administrator, and that, by operation of the contract of insurance herein sued on, and, on the divorce of appellant from the decedent, such insurance became payable, on the death of said Baggerly, to his legal representative, for the use and benefit of his heirs; and that by reason of no change being made by said decedent in his said certificate of insurance and no disposition being made thereof, appellee administrator, the legal representative of said deceased, is entitled to judgment in his favor for the benefit of said heirs for said sum of $500.

The language of the insurance contract here involved is so plain that it would seem that it needs no interpretation by the courts. It is expressly provided by

1. §8 of the act under which appellee insurance company was organized, being ch. 91 of the acts of 1915, §9236 Burns 1926, that:

"The certificate, the charter or articles of the corporation or, if a voluntary association, the articles of association, the constitution and laws of the society and the application for membership and medical examination, signed by the applicant, and all amendments to each

thereof, shall constitute the agreement between the society and the member." Clearly, by the provisions of this section, the by-laws above set out are a part of the insurance contract, and by such by-laws, appellant as a divorced wife has no right of recovery. Section 6 of the same act, being §9234 Burns 1926, provides that:

"Payment of death benefit shall be confined to wife, husband, relative by blood to the fourth degree, father-in-law, mother-in-law, son-in-law, daughter-in-law, stepfather, stepmother, stepchildren by legal adoption or to a person or persons dependent upon the member. * * * Within the above restrictions each member shall have the right to designate his beneficiary, and, from time to time, have the same changed in accordance with the laws, rules or regulations of the society, and no beneficiary shall have or obtain any vested interest in the said benefit until the same has become due and payable upon the death of said member, provided, that any society may, by its by-laws, limit the scope of beneficiaries within the above classes." Under this section, appellant could have had no vested interest in the policy until after the death of the insured at which time she did not belong to any of the classes to which payment was confined by the provisions of said §8.

In *Farra* v. *Braman* (1909), 171 Ind. 529, 86 N. E. 843, cited by appellant, the court says: "For it is well settled that the by-laws, rules and regulations of a mutual benefit association are elements which enter into and form a part of the insurance contract." The court holds that under the by-laws of this particular association, the divorce would not of itself disqualify the former wife as a beneficiary. But the court also says that: "Of course, the relief department *might have provided,* either in the contract of insurance or *in its by-laws,* rules and regulations, that in the event the wife

of the insured, whom he had designated as his beneficiary, would be divorced from him, such divorce should terminate her rights as a beneficiary and deprive her of the death benefits." Thus, the authority is against appellant's contention.

The case of *Kirkpatrick* v. *Modern Woodmen of America* (1902), 103 Ill. App. 468, presents facts similar to the facts here involved, and the statutory law controlling the case was very similar to the law of this state; and after a full discussion of the questions involved, the court held that a divorced wife was not eligible, and that she could not participate in the fund.

Appellant, under her motion for a new trial, presents that the court erred in excluding statements of the insured to the effect that he did not wish to change 3-5. the beneficiary in his policy, but such statements could have no effect to change the terms of the insurance contract which provided, by the by-laws, which were a part thereof; that in the event of the divorce of a beneficial member from wife or husband, as the case may be, who is named as sole beneficiary in his or her beneficial certificate, if no other designation has been made, the benefit shall be paid the same as if the designated beneficiary had died before the death of the beneficial member and no new designation had been made. This would be, under the by-law as appears above, to the legal representative of the insured. With such provision, there was no error in admitting proof of the appointment of an administrator, and of the names of the legal heirs. Such evidence was within the issues under the general denial. Evidence of a property settlement at the time of the divorce, even if erroneous, was harmless.

Judgment affirmed.