## MODERN BROTHERHOOD OF AMERICA v. LAURA M. QUADY AND ANOTHER.[1]

November 9, 1928.

No. 26,773.

**Payment of death certificate of foreign benefit association governed by Minnesota statute.**

1. A foreign fraternal beneficiary association, engaged in and duly licensed to do business in this state, in issuing a death benefit certificate in this state to a resident thereof must conform to our statute with regard to the payment of such certificate, so that upon the member's death only such beneficiary as then occupies the relation to the member specified in G. S. 1923, § 3452, may lawfully claim the insurance or benefit fund named in the certificate.

**Divorced wife, not a dependent, barred by Minnesota statute.**

2. Under that section a divorced wife, who cannot claim as a dependent, is barred from claiming the fund.

**Rightful claimant may contest right of beneficiary named in certificate.**

3. Since the association is powerless to waive the statute in regard to the beneficiary, a rightful claimant may successfully contest the right of the beneficiary named in the certificate to the fund, even though the association does not question such right.

Mutual Benefit Insurance, 45 C. J. § 135 p. 167 n. 68; p. 170 n. 84; § 136 p. 175 n. 31; p. 176 n. 32; § 146 p. 184 n. 96.

Action in the district court for Hennepin county to determine the beneficiary under a benefit certificate issued by plaintiff upon the life of Peter E. Quady. Upon the payment into court by plaintiff of the amount of the certificate, defendants Laura M. Quady and George L. Hanson, divorced wife and administrator of the estate of Peter E. Quady, respectively, were interpleaded as rival claimants, and each moved for judgment on the pleadings. The motion of de-

[1]Reported in 221 N. W. 721.

fendant Laura M. Quady was granted, and defendant Hanson appealed from the judgment, Montgomery, J. entered pursuant thereto. Reversed and judgment directed for appellant.

*Donald G. Hughes* and *Marshall S. Snyder,* for appellant.
*Clarence O. Holten* and *George A. Lewis,* for respondent.

HOLT, J.

The defendant George L. Hanson, as administrator of the estate of Peter E. Quady, deceased, appeals from the judgment awarding the defendant Laura M. Quady the amount of a beneficiary certificate paid into court by plaintiff, a fraternal beneficiary association, interpleading the two defendants, rival claimants of the amount. Each defendant moved for judgment on the pleadings. The motion of Laura M. Quady prevailed.

Plaintiff, organized under the laws of Iowa, is a fraternal beneficiary association having a lodge system with ritualistic form of work, and as such, ever since 1908, has been engaged in conducting the business of such association in this state, being duly licensed so to do. One of the principal objects of the association is to make provision for the payment of benefits upon the death of a member to the person lawfully designated in his membership certificate. Peter E. Quady, then a resident of this state, was in 1908 received as a member of the association and a membership certificate for $1,000 issued, payable to Laura M. Quady, his wife, upon his death. In 1912 this certificate was surrendered and another issued for the same amount, also designating Laura M. Quady, his wife, as beneficiary. In 1919 Laura M. Quady obtained a decree of divorce in Hennepin county, this state, where the parties continued to reside. Peter E. Quady thereafter remained single until his death in 1926. He left surviving a brother, who claims through the administrator.

If the law of Iowa controls, the judgment in favor of Laura M. Quady must stand. The statutes of Iowa under which the association was organized as well as its constitution and by-laws are to the effect that a beneficiary, eligible when the certificate issues, continues so to be even if not so eligible at the time of the member's

death. The Iowa statutes and applicable provisions of plaintiff's by-laws were pleaded. As these are construed by the courts of Iowa the designation of Laura M. Quady, being valid when the certificate issued, the subsequent divorce did not terminate her right to receive the stipulated benefits. . White v. Brotherhood of Am. Yeomen, 124 Iowa, 293, 99 N. W. 1071, 66 L. R. A. 164, 104 A. S. R. 323, 2 Ann. Cas. 350; Schmidt v. Hauer, 139 Iowa, 531, 111 N. W. 966. It may be said that these decisions were not pleaded; but were we to construe the Iowa statutes and the laws and regulations of plaintiff relating to this subject the result in all probability would be in accord with the decisions cited.

But we reach the conclusion that this beneficiary certificate or insurance contract is a Minnesota contract; and, in so far as our statutes are at variance with those of Iowa on the question of who is the legal beneficiary, they control. When the certificate was issued it was delivered to Peter E. Quady in this state where both he and his wife resided. Before plaintiff could lawfully do business in this state, organize lodges, and issue beneficiary certificates it had to and did obtain license to do so. And in such business it must conform to our law. L. 1907, p. 496, c. 345, is "an act to provide for the organization, admission and regulation of fraternal beneficiary associations transacting the business of life and disability insurance." Plaintiff clearly comes within the provisions of that chapter. Section 6 thereof reads:

"The payment of death benefits shall be confined to the wife, husband, family, relatives by blood, marriage or legal adoption, affianced husband or affianced wife, or to a person or persons dependent on the member, subject to the limitation and control of the association as to the designation of beneficiaries within said classes."

There have been amendments to that section but of no bearing here except that a "member's estate" is now an eligible class, hence appellant is qualified to receive the payment (G. S. 1923, § 3452). Next to the last sentence of § 30 of said c. 345 (G. S. 1923, § 3487) reads:

"All provisions of each section of this act, except as otherwise provided, shall be taken and construed as applying to both domestic and foreign associations."

Courts called upon to construe articles of incorporation, by-laws, or statutes relating to the beneficiary entitled to collect upon a beneficiary certificate issued by a fraternal beneficiary association worded the same or similarly to § 6, above quoted, reach the conclusion that the named beneficiary, in order to be entitled to the fund, must sustain the relation to the member at the latter's death which the articles, by-laws, or statutes authorize payment to. By-laws may limit but not extend the designated classes of beneficiaries authorized by the controlling statutes. Anderson v. Royal League, 130 Minn. 416, 153 N. W. 853, L. R. A. 1916B, 901, Ann. Cas. 1917C, 691; Johnson v. United Workmen, 91 Kan. 314, 137 P. 1190, 50 L.R.A.(N.S.) 461; Green v. Green, 147 Ky. 608, 144 S. W. 1073, 39 L.R.A.(N.S.) 370, Ann. Cas. 1913D, 683; Tyler v. Relief Assn. 145 Mass. 134, 13 N. E. 360; Dahlin v. Modern Maccabees, 151 Mich. 644, 115 N. W. 975; Brotherhood of Railroad Trainmen v. Taylor, 29 Ohio Cir. Ct. 171. There can be no doubt that the divorce decree destroyed and severed the relation of Laura M. Quady to Peter E. Quady. She was not his wife when he died and not entitled to payment under § 6 above quoted. Under certain conditions, as when a divorced wife has by the decree been awarded future instalments of alimony for her support or the support of minor children left in her custody, she may be a dependent within the meaning of § 6. Rose v. Brotherhood of Locomotive F. & E. 80 Colo. 344, 251 P. 537, 52 A. L. R. 381. But respondent's pleading asserts no claim to the fund as a dependent.

It seems clear to us that our statute above cited became part of the contract of the benefit insurance effected when this certificate was delivered to Peter E. Quady in this state by an association authorized to do business therein and doing so in accordance with our statutes. A case squarely in point is Dworak v. Supreme Lodge, 101 Neb. 297, 163 N. W. 471, Ann. Cas. 1918D, 1153. See also Royal Arcanum v. McKnight, 238 Ill. 349, 87 N. E. 299; Coverdale

v. Royal Arcanum, 193 Ill. 91, 61 N. E. 915; Sup. Ct. of Ind. Order of Foresters v. Fisher, 172 Ill. App. 454; Expressman's Mut. Benefit Assn. v. Hurlock, 91 Md. 585, 46 A. 957, 80 A. S. R. 470; Dolan v. Supreme Council, 152 Mich. 266, 116 N. W. 383, 16 L.R.A. (N.S.) 555, 15 Ann. Cas. 232; Wilson v. Supreme Conclave, 174 N. C. 628, 94 S. E. 443. And in Weiditschka v. Supreme Tent K. M. W. 188 Iowa, 183, 170 N. W. 300, 175 N. W. 835, the statutory law of Iowa was held to exclude the beneficiary properly designated under the laws of the society and the statutes of Michigan under which it was organized, the contract being an Iowa contract, the court saying [188 Iowa, 199]:

"It was competent for the lawmakers to prescribe under what conditions foreign mutual associations might engage in business in this state. Scottish Union & Nat. Ins. Co. v. Herriott, 109 Iowa, 606, 80 N. W. 665, 77 A. S. R. 548; New York Life Ins. Co. v. Cravens, 178 U. S. 389, 20 S. Ct. 962, 44 L. ed. 1116. * * * To enforce a statute of this state and uphold its policy will not be construed to evidence an indisposition to accord to those of another state full faith and credit."

The opinion makes clear why such decisions as Royal Arcanum v. Green, 237 U. S. 531, 35 S. Ct. 724, 59 L. ed. 1089, L. R. A. 1916A, 771, and Modern Woodmen v. Mixer, 267 U. S. 544, 45 S. Ct. 389, 69 L. ed. 783, 41 A. L. R. 1384, ought not to apply to a question of this sort, which involves no financial obligation of a member to the association. In Dennis v. Modern Brotherhood of America, 119 Mo. App. 210, 214, 95 S. W. 967, the court used this language, here applicable:

"In cases where a society may depend for its power to do business on the statutes of two states, one where it is organized and the other wherein it is permitted to do business as a foreign corporation, the statute of the latter will control as to who can become beneficiaries in cases originating in the latter."

We cannot escape the conviction that our statute controls the payment of the benefits provided by the certificate here involved, so

that no one can claim the fund payable unless he or she at the time of the member's death stands in the relation to the member prescribed by G. S. 1923, § 3452 (L. 1907, c. 345, § 6, as amended). And certainly respondent when divorced could not thereafter stand in the relation of wife to Peter E. Quady.

It is asserted by respondent that no one but the association can question her eligibility as a beneficiary at any time. There is no merit in this claim. G. S. 1923, § 9261, permits plaintiff to interplead adverse claimants to a fund. It is paid into court, and the court thereupon determines which one of the claimants is entitled to the fund under the contract existing between plaintiff and the member through whom they claim. That the divorced wife could not receive the fund, we think is determined by our statute. The plaintiff could not waive the statute and pay the money to her without subjecting itself to payment to the one who should be determined to be the lawful beneficiary under the statute. There is some confusion in the decisions on the proposition, but we think the opinion in Knights of Maccabees v. Brown, 186 Mich. 284, 152 N. W. 1085, satisfactorily disposes of the point in favor of appellant, that in this action of interpleader he may question respondent's right to the fund even though the plaintiff, the beneficiary association, did not raise it. And this statement in 19 R. C. L. p. 1289, is pertinent:

"The rule as to the waiver of objections to the beneficiary does not apply where the qualifications of a beneficiary are prescribed by statute, for the reason that an association has no power to waive statutory requirements governing its own conduct; nor can it estop itself from questioning the eligibility of a beneficiary upon those grounds."

The judgment is reversed, and the court below is directed to enter judgment in favor of appellant for the amount deposited in court.