FIRST NATIONAL BANK OF GOODWIN, SOUTH DAKOTA, v.
ANNA B. SCHNEIDER.
CATHOLIC AID ASSOCIATION OF MINNESOTA,
GARNISHEE.[1]

January 17, 1930.

No. 27,625.

*Gustav C. Axelrod,* for appellant.
*Boyesen, Otis & Faricy* and *Bruell & Henderson,* for respondent.

TAYLOR, C.

In this action brought in the district court of Ramsey county against the defendant, a resident of the state of South Dakota, the Catholic Aid Association, a fraternal beneficiary association organized and existing under and by virtue of L. 1907, p. 469, c. 345, was garnished. The association disclosed that it had issued a certificate or policy of insurance for the sum of $2,000 upon the life of John Schneider, defendant's husband, in which defendant was named as the beneficiary; that John Schneider had died; and that under and by virtue of the policy the sum of $2,000 was then due and owing to defendant from the association. The trial court set aside the garnishment and discharged the garnishee on the ground that the proceeds of the policy were exempt. Plaintiff appealed.

[1]Reported in 228 N. W. 919.

Plaintiff concedes that the proceeds of this policy would be exempt if the defendant were a resident of this state, but contends that the statute creating the exemption applies only to residents of this state and that defendant being a resident of another state is not within its protection.

G. S. 1923, § 9447, as amended, 2 Mason, 1927, id. being the general exemption statute, contains 18 subdivisions each specifying property not subject to seizure or sale for debt.

Subdivision 14 specifies as exempt all moneys payable to "a surviving wife or child from insurance upon the life of a deceased husband or father, not exceeding ten thousand dollars."

Subdivision 15 specifies as exempt all moneys payable by "any * * * fraternal benefit association to any person entitled to assistance therefrom, or to any certificate holder thereof or beneficiary under any such certificate."

The concluding paragraph of the section provides:

"The exemptions provided for in subdivisions 6-18 hereof, shall extend only to debtors having an actual residence in the state."

These were the applicable statutory provisions prior to 1907, and under them the exemption of money payable by benefit associations was limited to residents of this state. By L. 1907, p. 469, c. 345, the legislature enacted a complete code regulating and governing fraternal beneficiary associations and the contracts for insurance made by such associations. The act expressly repealed all acts and parts of acts inconsistent therewith and provided that:

"Such associations shall be governed by this act and shall be exempt from all provisions of the insurance laws of this state not only in governmental relations with the state, but for every other purpose."

This act is complete in itself and leaves no doubt that the legislature intended it to supersede all prior laws relating to such associations. Farm v. Royal Neighbors, 145 Minn. 193, 176 N. W. 489. Section 12 of this act reads:

"The money or other benefits, charity, relief or aid, to be paid, provided or rendered by any association authorized to do business under this act, shall, neither before nor after being paid, be liable to attachment, garnishment, or other process, and shall not be seized, taken, appropriated or applied by any legal or equitable process or operation of laws to pay any debt or liability of a certificate holder or of any beneficiary named in a certificate, or of any person who may have any right thereunder; such associations are hereby declared to be charitable institutions, and the property held and used for lodge purposes, and the funds of such associations shall be exempt from taxation under the general tax or revenue laws of this state. Except that the real estate of such association shall be taxable."

This statute omits the former provision limiting the exemption to residents of this state. As the act is complete in itself and the legislature intended it to supersede all prior acts relating to such associations, the omission must have been intentional. The purpose in omitting it must have been to give the benefit of the exemption to nonresidents as well as to residents. The sweeping language of the statute and the absence of anything indicating a contrary intention is convincing that it was intended to apply to all beneficiaries whether residents or nonresidents. Where the language of a statute imports that it applies generally its operation will not be limited to residents of the state. Renlund v. Commodore Min. Co. 89 Minn. 41, 93 N. W. 1057, 99 A. S. R. 534; Brunette v. M. St. P. & S. S. M. Ry. Co. 118 Minn. 444, 137 N. W. 172; Stromberg v. Stromberg, 119 Minn. 325, 138 N. W. 428; Barrett v. Heim, 152 Minn. 147, 188 N. W. 207.

We concur in the conclusion reached by the learned trial court, and the order is affirmed.