[Sac. No. 4635. In Bank.—February 28, 1933.]

S. GINSBERG, Respondent, v. JAMES W. BUTLER et al., Defendants; UNITED STATES LETTER CARRIERS' MUTUAL BENEFIT ASSOCIATION (a Corporation), Appellant.

468

Howe, Hibbitt & Johnston for Appellant.

A. B. Reynolds and S. H. Jones for Respondent.

SEAWELL, J.—Defendant United States Letter Carriers' Mutual Benefit Association, a corporation, appeals from a judgment which directed it to pay to plaintiff the sum of $2,000 due and payable as a death benefit on a benefit certificate issued by it on the life of Michael Butler, deceased. Plaintiff S. Ginsberg claims said sum as a pledgee or assignee of said benefit certificate for security purposes.

Appellant corporation is a fraternal benefit society organized under the laws of Tennessee, with branches throughout the country. It contends that an assignment of such a certificate to a creditor for security purposes is void. In making this contention it relies on certain provisions of its by-laws and of the statutes of the state of Tennessee, under which it was organized, which expressly limit payment of death benefits due on certificates to certain classes of relatives and dependents of members of the society, not including creditors, and protect the proceeds of such certificates from attachment, garnishment or other legal process to pay any debt or liability of a member or beneficiary, either before or after payment. More particularly appellant relies on a provision of its by-laws which expressly makes void any assignment of a benefit certificate by a member or beneficiary to a creditor. We are in accord with the contention of appellant.

Since the appeal is taken on the judgment-roll, the facts must be ascertained from the findings. On February 26, 1894, appellant association issued its benefit certificate No. 736 for $3,000 to Michael Butler, a member of its

branch located at Sacramento in this state. Upon the direction of Butler the death benefit provided for therein was made payable to his two sons, defendants J. W. and J. T. Butler, and his daughter, Lillian Butler. On April 15, 1915, plaintiff Ginsberg loaned $2,600 to said sons, J. W. and J. T. Butler, who executed their promissory note therefor, secured by chattel mortgage. Prior to April 22, 1915, Michael Butler, the assured in benefit certificate No. 736, had requested plaintiff to make said loan to his sons and agreed to assign the benefit certificate to plaintiff as security. The court found that on the day the loan was made Michael Butler and J. W. Butler and J. T. Butler "assigned, transferred and delivered to the plaintiff said benefit certificate . . . and on the same day said defendants [J. W. and J. T. Butler] executed and delivered to the plaintiff their certain written agreement, wherein and whereby they assigned and transferred to the plaintiff for the purpose aforesaid [as security] all of their interest in said benefit certificate". Thereafter, on July 21, 1915, plaintiff loaned the additional sum of $540 to J. W. and J. T. Butler and took their promissory note therefor. The obligation of J. W. and J. T. Butler, as evidenced by said promissory notes, was kept alive by renewals and extensions until the institution of the action herein, at which time there was $5,860 due plaintiff. The court found that during the year 1920 Michael Butler, the assured, caused a new benefit certificate to be issued, payable to Lillian Butler Metcalf, his daughter, as sole beneficiary, but that said certificate was void as to plaintiff.

The plaintiff claimed the right to recover not the full amount of the $3,000 certificate, but only $2,640, which represents the shares of the two sons named therein as beneficiaries, and $640 of the $1000 share of the daughter, by reason of the fact that the daughter, at the date of the additional advance of $540 to J. W. and J. T. Butler, had assigned $640 of her interest to plaintiff as security. The court found that the action was barred by the statute of limitations as to Lillian Butler Metcalf, and entered judgment against appellant association for $2,000, the share of the two sons.

The sole question of law presented for our decision is whether said benefit certificate was assignable by joint

action of the assured and beneficiaries to secure the debt of the beneficiaries. ■ The rights of any claimant in a benefit certificate issued by a fraternal benefit society, or the proceeds thereof, are to be determined by a consideration of the provisions of the certificate, the by-laws of the society, and the provisions of the statute under which the society is organized, which together constitute the contract between the society and the insured member. (*Caldwell* v. *Grand Lodge*, 148 Cal. 195 [82 Pac. 781, 113 Am. St. Rep. 219, 7 Ann. Cas. 356, 2 L. R. A. (N. S.) 653]; *Bennett* v. *Modern Woodmen*, 52 Cal. App. 581 [199 Pac. 343, 346]; *Bush* v. *Modern Woodmen*, 182 Iowa, 515 [152 N. W. 31, 162 N. W. 59]; *Journeymen Butchers' Protective & Benev. Assn.* v. *Bristol*, 17 Cal. App. 576 [120 Pac. 787]; *Thomas* v. *Locomotive Engineers' M. L. & A. Assn.*, 191 Iowa, 1152 [183 N. W. 628, 15 A. L. R. 1240]; *Modern Woodmen* v. *Comeaux*, 79 Kan. 493 [101 Pac. 1, 17 Ann. Cas. 865, 25 L. R. A. (N. S.) 814, with note]; 19 Cal. Jur. 480.) Appellant was created by virtue of the laws of the state of Tennessee providing for the organization of fraternal benefit societies. It is under the law of Tennessee that "it lives, moves and has its being. From this law it gets its right to do business and by this law it is regulated and controlled." (*Bennett* v. *Modern Woodmen, supra*, quoting from *Bush* v. *Modern Woodmen, supra*; see, also, *Thomas* v. *Locomotive Engineers' Mutual L. & A. Assn., supra*.)

■ The statute of Tennessee providing for organization of fraternal benefit societies is of the type generally found throughout the country, and so closely resembles the Fraternal Benefit Societies Act of this state, enacted in 1911 after issuance of the certificate herein but before assignment thereof to plaintiff, that many of the provisions of the two acts are identical. Both statutes provide that the payment of death benefits shall be confined to the wife, husband, children and certain listed relatives of the member or his dependents. (3 Shannon's Ann. Code of Tenn., p. 2723, par. 3369 A–82; 1 Gen. Laws, 1931 ed., Act 686, p. 339, sec. 6.) The Tennessee act also contains this provision, in language practically identical with the California provision: "No money or other benefit, charity, relief or aid to be paid, provided or rendered by any such society shall be liable to attachment, garnishment or other process, or

be seized, taken, appropriated or applied by any legal or equitable process, or operation of law to pay any debt or liability of a *member* or *beneficiary,* or any other person who may have a right thereunder, either *before* or *after* payment.'' (3 Shannon's Ann. Code of Tenn., par. 3369 A–111; California: 1 Gen. Laws, 1931 ed., Act 686, p. 339, sec. 21.)

The by-laws of appellant society also contain the following provision: ''A benefit certificate cannot be paid to a creditor, nor be held in whole or in part, nor assigned to secure any debt which may be owing by the member. *Any assignment* of a benefit certificate by a *member* or *beneficiary* shall be void.'' (Italics supplied throughout.)

The requirements of the statute as to eligibility of beneficiaries cannot be waived by action of the society, or member, or both. The language of the Supreme Court of Iowa in *Bush* v. *Modern Woodmen, supra,* cited and followed in *Bennett* v. *Modern Woodmen, supra,* is so apposite that we quote therefrom:

''It is almost the universal holding that a society of this kind can waive the enforcement of a requirement embodied in the by-laws, but it is elementary that a corporation such as this has no power to create a fund for persons other than the class specified in the law authorizing its organization and maintenance; and, as the corporation has no authority to create a fund for any other purpose, a member cannot direct that the fund be paid to a person outside of such class.'' (*Bush* v. *Modern Woodmen, supra.*)

And again, the court says at page 541: ''It has been recognized that there lies in the legislature the power to limit the class which may be beneficiaries of the society. We take it that those who join these societies and receive certificates therefrom do this in recognition of this reserved power in the legislature from which the society gets its life.''

The statute of Tennessee expressly prohibits payment of the benefit fund to any person who is not within the classes designated as beneficiaries in the statute. (*Modern Woodmen* v. *Comeaux, supra.*) It cannot add to the rights of a creditor or other person ineligible to be named as a beneficiary that he claims under an assignment executed by a member, rather than under a void designation of him-

472

self as beneficiary in the certificate. A member cannot accomplish by indirection that which he cannot do directly. An assured member has no power to divert the benefit payable upon his death from the lawful class of beneficiaries to a creditor. We have here to consider whether an assignment acquires validity by virtue of the fact that it is made to secure a loan to lawful beneficiaries and that said beneficiaries participate in the assignment.

We are of the view that it is beyond the power of one who is or lawfully may be named as beneficiary to strip himself of anticipated benefits by an assignment in advance of the time when the certificate becomes due and payable. The statutes of Tennessee and the by-laws of appellant society protect the fund not only from creditors of the member, by invalidating assignments to creditors and prohibiting their designation as beneficiaries, but also from creditors of the beneficiary. The statute of Tennessee, above quoted, expressly exempts benefits paid from garnishment or other legal process to pay any debt or liability of a member or *beneficiary,* either before or after payment, and the by-law of appellant society, also quoted above, makes void *any* assignment of a benefit certificate by a member or *beneficiary.* We are inclined to think that even in the absence of said specific by-law the language of the statute of Tennessee is broad enough to preclude payment to a creditor of member or beneficiary by whatever right he may claim, whether by assignment of member, beneficiary, or both. The statute forbids *payment* to be made from the death benefit fund authorized to be created to any person except the classes of relatives listed and dependents of members. However, this may be, there is a specific by-law in the case herein forbidding assignments by beneficiaries. If the rule declared in said by-law is not by necessary implication embraced in the statute, at least it is not contrary thereto, but in line with declared statutory policy. ■ The validly enacted by-laws of a fraternal benefit society are part of the contract between the member and the society, and will be enforced by the courts unless they are clearly against public policy or unreasonable. (*Bennett* v. *Modern Woodmen, supra; Caldwell* v. *Grand Lodge, supra; Journeymen Butchers' etc. Assn.* v. *Bristol, supra.*)

In sustaining the validity of a by-law practically identical in language with the by-law before us, the Court of Chancery of New Jersey in *Supreme Conclave, etc.,* v. *Dailey,* 61 N. J. Eq. 145 [47 Atl. 277], at page 278, said: "The question, nevertheless, must be answered whether the contract itself, which, in express terms, declares any assignment by the beneficiary void, can be ignored. It is to be observed that the clause in the contract forbidding the assignment by the beneficiary is one of the most, if not the most, important feature in the scheme of this beneficial order. The purpose of the restriction against assignment is entirely clear. It is designed to provide a fund to be paid to a relative or dependent at the time when death has deprived such beneficiary of the succor and support of the living member. It is of the utmost importance, in the accomplishment of this purpose, that the beneficiary should be deprived of the power to deal with his expectancy by mortgaging or bargaining away his right to receive the money at the particular time and for the purpose intended. The provision is intended as a guard against the imprudence or improvidence of the beneficiary."

The cases relied on by respondent are not controlling on the main question herein—the eligibility of a creditor of the member or beneficiary to receive payment of a benefit certificate. Said cases either concerned the right of eligible persons who claimed by assignment or appointment of the member not made in the precise manner prescribed in the by-laws for a designation or change of beneficiary, or they involved the proposition that where a promise to name an eligible person as beneficiary, or not to change the designation already made, is given as part of a valid contract, equities are created in favor of such beneficiary which the member is powerless to change, at least in favor of a subsequently named beneficiary who possesses no superior equities. (*Conway* v. *Supreme Council Catholic Knights, etc.,* 131 Cal. 437 [63 Pac. 727]; *Jory* v. *Supreme Council A. L. H.,* 105 Cal. 20 [38 Pac. 524, 45 Am. St. Rep. 17, 26 L. R. A. 733]; *Johnston* v. *Kearns,* 107 Cal. App. 557 [290 Pac. 640].) The question of *eligibility* of beneficiaries or assignees is not considered in *Conway* v. *Supreme Council etc., supra.* In that case the lower court found, according to a finding quoted in appellant's brief, that the object of

the society was to maintain a benefit fund from which death benefits "shall be paid on the death of each member to his family *or be disposed of as he may direct"*. (Italics supplied.) In that case the question considered was whether the creditor-assignees were entitled to the death benefit notwithstanding the specific *mode* prescribed in the by-laws for a change of beneficiary had not been complied with. It is settled in this state that effect will be given to a statutory or by-law restriction on eligibility. (*Caldwell* v. *Grand Lodge, supra; Bennett* v. *Modern Woodmen, supra; Journeymen Butchers'* etc. *Assn* v. *Bristol, supra; Machado* v. *Ellison,* 35 Cal. App. 337 [169 Pac. 917].)

The findings and judgment under review do not determine whether as between Lillian Butler Metcalf, on the one hand, and J. W. and J. T. Butler, on the other, Lillian Butler Metcalf is entitled to the full amount of the death benefit. The pleadings did not present that issue, and it is not involved in this appeal. No showing is made that the money due on the certificate was deposited in court as in an action of interpleader.

The money judgment of $2,000 against appellant United States Letter Carriers' Mutual Benefit Association is reversed. In all other respects the judgment is affirmed.

Curtis, J., Preston, J., Shenk, J., Langdon, J., Thompson, J., and Waste, C. J., concurred.