## UNITED MUTUAL LIFE INSURANCE COMPANY v. LILLIAN WARD AND OTHERS.[1]

October 15, 1937.

No. 31,429.

---

[1]Reported in 275 N. W. 422.

*Wilson & Wilson* and *Leo J. Seifert,* for appellant.
*C. A. Johnson,* for respondent Lillian Ward.
*Charlotte Farrish,* for respondent Reuben M. Ward.

PETERSON, JUSTICE.

Plaintiff paid into court the money due under a membership certificate of fraternal insurance insuring the life of Beecher Ward, in which his daughter, Mary J. Smith, was named beneficiary. Defendant Lillian Ward claims the fund by an assignment from the beneficiary executed before the death of Beecher Ward and while Lillian was the wife of Beecher Ward. Defendant Reuben Ward, son of Beecher Ward, claims the fund under an oral pledge of the certificate to him by his father as security for indebtedness owing to him by the father. This pledge was made after the assignment by the beneficiary to defendant Lillian Ward.

The certificate was originally issued by the Supreme Lodge Knights of Pythias, a fraternal organization authorized to issue certificates of fraternal insurance. The insurance business of the Knights of Pythias was later taken over by plaintiff. Defendants

Lillian Ward and Reuben Ward claim that the certificate is not now a fraternal insurance contract but an ordinary policy of old-line insurance because plaintiff is an insurance corporation and not a fraternal organization. Plaintiff's contract with the insured member, Beecher Ward, provides that the agreements and the certificate issued by the insurance department of the Knights of Pythias are binding upon the parties to the contract and made part of the agreement between plaintiff and the parties to the certificate. The contract pursuant to which plaintiff took over the insurance business of the Knights of Pythias bound all the parties to the terms and conditions of the certificate issued by the latter. It simply obligated plaintiff to perform the terms of the fraternal certificate and did not amount to the issuance of a new policy of old-line insurance. This action involves a certificate of fraternal insurance.

The assignment from Mary J. Smith to Lillian Ward was written upon a separate paper and not upon the certificate. Plaintiff did not have notice of and did not consent to any assignment. Mary J. Smith denies having executed the assignment. But, assuming that it was made, it is of no effect. Our statute relating to fraternal insurance, 1 Mason Minn. St. 1927, § 3446, *et seq.*, controls the payment of death benefits. The statute recognizes the differences between fraternal insurance and so-called "old-line" insurance. See Royal Arcanum v. Behrend, 247 U. S. 394, 38 S. Ct. 522, 62 L. ed. 1182, 1 A. L. R. 966. Our statute is a complete code regulating and governing fraternal beneficiary associations and the contracts for insurance made by such associations. First Nat. Bank v. Schneider, 179 Minn. 255, 228 N. W. 919. Under the statute, only certain designated classes of persons are eligible to be named beneficiaries in policies of fraternal insurance, and payment of death benefits can be made only to such persons. The statute limits the right of a member to designate beneficiaries and the power of the society to pay death benefits. 1 Mason Minn. St. 1927, § 3446, provides:

"Payments of death benefits shall be made only to the families, heirs, blood relatives, * * *."

Section 3452 limits the right to pay death benefits in the following language:

"The payment of death benefits shall be confined to the wife, husband, * * *."

The laws of the Knights of Pythias society, made a part of this certificate, contain a provision substantially the same as the quoted sections of the statutes. Another provision in the certificate prohibits any assignment of the certificate without the consent of the board of control and then only in accordance with the laws of the society.

Payment of death benefits can be made only to a person who is at the time of the member's death within the statutory class of eligible beneficiaries. Modern Brotherhood of America v. Quady, 175 Minn. 462, 221 N. W. 721, 59 A. L. R. 162. Lillian Ward obtained a divorce from the insured member after the assignment by the beneficiary but before the member's death. A divorced wife is not a wife within the meaning of the statute and the provisions contained in the certificate. Modern Brotherhood of America v. Quady, *supra;* Anderson v. Royal League, 130 Minn. 416, 153 N. W. 853, L. R. A. 1916B, 901, Ann. Cas. 1917C, 691; Meyer v. Meyer (C. C. A.) 79 F. (2d) 55; Dworak v. Supreme Lodge, 101 Neb. 297, 163 N. W. 471, Ann. Cas. 1918D, 1153; Thomas v. Locomotive Engineers, 191 Iowa, 1152, 183 N. W. 628, 15 A. L. R. 1240; Baggerly v. Supreme Tribe of Ben Hur, 85 Ind. App. 272, 153 N. E. 805. Lillian Ward not being within the class of eligible beneficiaries at the time of the member's death, the statute prohibits the payment of death benefits to her. It has been held that an assignment of a fraternal insurance policy during the lifetime of the member by the beneficiary is subversive of the purposes for which such societies are authorized by law, and void. The purpose of such insurance is to provide money for the named beneficiary at the time of the member's death, to meet needs occasioned by the death. The restriction upon assignment and other disposition of the money is to secure this purpose by guarding against the "imprudence or improvidence of the beneficiary." Supreme Conclave v. Dailey, 61 N. J. Eq. 145,

148, 47 A. 277; Ginsberg v. Butler, 217 Cal. 467, 19 P. (2d) 790, 92 A. L. R. 906. Defendant Lillian Ward cannot claim any of the fund by the assignment.

■ Defendant Reuben Ward claims under an oral pledge of the certificate made to him by his father as security for an indebtedness then owing by the father to him and for premiums on the certificate to be paid thereafter by Reuben to keep it in force. The certificate was delivered by the member to his daughter, Mary J. Smith, shortly after it was issued. Mary J. Smith testified that she did not know how the certificate got out of her possession and that she did not part with it by any act of her own. The mother claimed that the daughter sent the certificate to her with the assignment some time before the alleged pledge. At any rate, there is evidence that the father took the certificate from a table in the mother's home sometime in June, 1933, and handed it to Reuben, who retained possession of it until the trial. Reuben claims that as possessor of the certificate under the pledge he is entitled to receive the insurance money and apply it in payment of the indebtedness owing to him by the member. A pledge is enforced by applying the property or the proceeds of the property pledged to the debt owing by the pledgor to the pledgee. Palmer v. Mutual L. Ins. Co. 114 Minn. 1, 130 N. W. 250, Ann. Cas. 1912B, 957. Policies of ordinary insurance may be pledged and the pledge enforced. Janesville State Bank v. Aetna L. Ins. Co. 200 Minn. 312, 274 N. W. 232. Gifts and pledges of such policies may be made by parol. Redden v. Prudential L. Ins. Co. 193 Minn. 228, 258 N. W. 300. But policies of fraternal insurance are subject to statutes which render a pledge of such a policy unenforceable. 1 Mason Minn. St. 1927, § 3465, reads as follows:

"The money or other benefits, charity, relief, or aid to be paid, provided, or rendered by any association authorized to do business under this act shall neither before nor after being paid be liable to attachment, garnishment, or other process, and shall not be seized, taken, appropriated or applied by any legal or equitable process or operation of laws to pay any debt or liability of a certificate

holder or of any beneficiary named in a certificate, or of any person who may have any right thereunder; * * *."

Under this statute the insurance fund payable under a benefit certificate is not available to creditors of a member who survived his beneficiary but died without naming another beneficiary. Devaney v. Ancient Order of Hibernians, 122 Minn. 221, 142 N. W. 316. Nor is the fund liable to seizure or sale by creditors of the beneficiary. First Nat. Bank v. Schneider, 179 Minn. 255, 228 N. W. 919. The statute operates to prohibit an equitable assignment of the fund by the member, even though such assignment was to secure payment of premiums advanced by the assignee to keep the policy in force. Logan v. Modern Woodmen of America, 137 Minn. 221, 163 N. W. 292, 2 A. L. R. 1676. Such statutes are enacted to regulate fraternal benefit insurance and to restrict not only the insurers but the members and beneficiaries as well. First Nat. Bank v. Schneider, supra. The statute cannot be waived so as to permit payment of death benefits in violation of its provisions. Modern Brotherhood of America v. Quady, supra. The enforcement of the pledge would be an appropriation or application of the insurance fund by operation of law through legal proceedings to pay a debt of the member to his creditor. This is prohibited by the statute. A pledge of a benefit certificate by the member as security for a debt is in contravention of the statute and void. Ginsberg v. Butler, supra (pledge by member and beneficiaries to creditor of beneficiaries); Briggs v. Earl, 139 Mass. 473, 1 N. E. 847 (pledge by member to his creditor); see note, 92 A. L. R. 911.

■ Reuben contends that because he is the member's son and therefore eligible to be named beneficiary the obstacles which the statute (§ 3465) raises do not apply to him. His contention is that a pledge is objectionable only when made to one not eligible to be a beneficiary. The fact of relationship between the member and the pledgee is of no importance in this connection. The reason a pledge cannot be enforced is that it is the application of the insurance money by operation of law to a debt of the member. This objection applies as well to a creditor who was eligible to be named

beneficiary as to other creditors. Comegys v. National Union Assur. Soc. 3 Cal. App. (2d) 637, 39 P. (2d) 861, in which it was held that such a statute operated to prevent a daughter of the insured from collecting the insurance money as a creditor by legal proceedings; Hayden v. Women's Catholic Order of Foresters, 167 Wis. 437, 167 N. W. 812, holding that a pledge of a fraternal certificate by a woman to her son was void under a by-law of the society. Even delivery of the certificate by the insured to one eligible to be but not named as beneficiary, with the intention that the donee should receive the proceeds, confers no right to the fund. Vanasek v. Western Bohemian Fraternal Assn. 122 Minn. 273, 142 N. W. 333, 49 L.R.A.(N.S.) 141, Ann. Cas. 1914D, 1123, in which it was held that although the member delivered the certificate to his wife and declared that he wanted her to have the benefits of the certificate, she could not take the fund because of the member's failure to change the beneficiary in the method designated in the by-laws of the society. See note to the Vanasek case in Ann. Cas. 1914D, 1126; 19 R. C. L. p. 1296, § 90.

■ Reuben Ward and Lillian Ward are not entitled to an equitable lien on the fund for having advanced money to pay premiums upon the certificate. This contention has been decided adversely to them in Logan v. Modern Woodmen of America, 137 Minn. 221, 163 N. W. 292, 2 A. L. R. 1676. See Royal Arcanum v. Behrend, 247 U. S. 394, 38 S. Ct. 522, 62 L. ed. 1182, 1 A. L. R. 966.

■ Payment of the money into court by plaintiff did not operate as a waiver of the provisions of the certificate and the statutes which render the assignment and the pledge ineffective. The society cannot waive the provisions of the statutes. Modern Brotherhood of America v. Quady, Logan v. Modern Woodmen of America, and Ginsberg v. Butler, supra; 19 R. C. L. p. 1289. Further, the rights of the beneficiary became vested upon death of the member. Ann. Cas. 1914D, 1129. The plaintiff did not then have power to waive compliance with the provisions of the certificates so as to prejudice rights of the beneficiary. See note, Ann. Cas. 1914D, 1133. The most that can be claimed for the payment into court is that the insurer admits liability to the rightful claimant. It does not thereby admit

liability to any particular claimant. The payment into court is to relieve the insurer of further liability, to leave the claimants to contest the ownership of the fund, and let the court determine who is entitled to it. Modern Brotherhood of America v. Quady and Logan v. Modern Woodmen of America, *supra*.

The claims of defendants Lillian and Reuben Ward are without foundation in law and cannot be sustained. Defendant Mary J. Smith is entitled to the fund as a matter of law upon the showing made.

Reversed with directions to order judgment in favor of defendant Mary J. Smith.

Mr. Chief Justice Gallagher took no part in the consideration or decision of this case.

